STATE of Arkansas *v.* Albert HAYES

CR 05-1277                                                    234 S.W.3d 307

Supreme Court of Arkansas
Opinion delivered April 27, 2006

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellant.

*Tim Blair*, for appellee.

JIM HANNAH, Chief Justice. The State of Arkansas appeals a September 27, 2005, order dismissing a criminal action for sexual abuse in the first-degree filed against Albert Hayes under Ark. Code Ann. § 5-14-108.[1] The action was dismissed because the alleged sexual abuse had occurred more than three years[2] before the criminal information was filed on October 8, 2004, and because Ark. Code Ann. § 5-1-109(h)(8) (Supp. 2003) no longer provided that the statute of limitations on a violation of section 5-14-108 commenced to run on the victim's eighteenth birthday. The order dismissing this case is reversed. The State filed its appeal in this court pursuant to Ark. R. App. P.–Crim. 3(c).

This case arises from alleged sexual abuse suffered by P.S. between November 1, 1995, and December 31, 1997. On February 2, 2003, P.S. turned eighteen. On August 8, 2003, P.S. reported the alleged abuse to the Sheriff's Department in Ouachita County. On October 8, 2004, a criminal information was filed in Lonoke County against Hayes, alleging a violation of section

---

[1] Based on when the crimes are alleged to have occurred, the applicable statutes would be Ark. Code Ann. § 5-14-108 (Repl. 1997 and Supp. 1993).

[2] A violation of Ark. Code Ann. § 5-14-108 (Repl. 1997 and Supp. 2003) constituted a Class C felony. A Class C felony is subject to a three year statute of limitation. Ark. Code Ann. § 5-1-109(b)(2) (Supp. 2003).

5-14-108. On April 4, 2005, Hayes filed a motion to dismiss for failure to prosecute within the time allowed under the statute of limitations. The same day, Hayes filed other motions to dismiss based on violation of his right to a speedy trial and illegal arrest. However, the circuit court dismissed the case based on a failure to comply with the statute of limitations.

During the two years in which the alleged crimes were committed, Ark. Code Ann. § 5-1-109(h)(8) (Repl. 1997 and Supp. 1993) provided that, for crimes of sexual abuse in the first-degree, the statute of limitations began to run when the crime was reported or when the victim turned eighteen, whichever came first. Before P.S. turned eighteen, and before she reported the crime, the General Assembly passed Act 1738 of 2001 which repealed section 5-14-108 and enacted the crime of sexual assault in the first-degree, codified as Ark. Code Ann. § 5-14-124 (Supp. 2001). No change was made to section 5-1-109(h)(8) in the 2001 legislative session, which meant that section 5-1-109(h)(8) continued to reference repealed section 5-14-108 and made no reference to the new section 5-14-124. Then, in 2003, after P.S. turned eighteen, but before she reported the crimes, the General Assembly passed Act 1390, which among other things, struck section 5-14-108 from section 5-1-109(h)(8) and replaced it with section 5-14-124.[3] The result of all this was that on October 8, 2004, when the criminal information was filed against Hayes, section 5-1-109 contained no provision extending the time to file a criminal charge for crimes alleged under section 5-14-108. Without an extension of time based on P. S.'s status as a minor, the limitations period is three years,[4] which would have run on December 31, 2000, at the latest.

## Appeal by the State

The State's opportunity to appeal is limited to that allowed by Ark. R. App. P.–Crim. 3. *State v. Nichols*, 364 Ark. 1, 216 S.W.3d 114 (2005). While a criminal defendant may appeal as a matter of right, the State may only appeal as allowed by Rule 3. *Id.*

---

[3] Act 1390, § 1, of 2001 provides in pertinent part:

(8) ~~Sexual abuse in the first degree as prohibited in § 5-14-108.~~ Sexual assault in the first degree as prohibited in § 5-14-124.

[4] Ark. Code Ann. § 5-1-109(b)(2) (Supp. 2003) provides a three-year period of limitation for a Class C felony.

An appeal must concern an issue of law. *Id.* It must be narrow in scope. *Id.* If an appeal by the State includes mixed issues of law and fact, it will not be heard. *Id.* The appeal must establish significant precedent and be important to the correct and uniform administration of the criminal law. *State v. Joslin,* 364 Ark. 545, 222 S.W.3d 168 (2006).

In this appeal, we are presented with an issue of law on the extension of time granted within which to prosecute violations of Ark. Code Ann. § 5-14-108. The issue concerns not only this case, but could affect many other cases under both statutes repealed in the 2001 legislative session, as well as statutes that may be repealed in future legislative sessions. This appeal concerns the correct and uniform administration of the criminal law and is properly before us.

### Extension to the Statute of Limitations

The statute of limitations on the Class C felony at issue in this case was three years. Ark. Code Ann. § 5-1-109(b)(2) (Repl. 2005 and Supp. 2003). In the absence of an extension of time based on P.S.'s status as a minor granted under Ark. Code Ann. § 5-1-109(h)(8),[5] no criminal action could be commenced against Hayes under section 5-14-108 after December 31, 2000. However, such an extension was granted in section 5-1-109(h)(8) and is applicable in this case.

The State argues that the statute of limitations in place at the time of the alleged offenses must control or prosecution based on a newer statute would be barred as ex post facto. It is true that if the limitations period had run, and the State were attempting to revive the action by enactment of a new statute of limitations, it would be barred as ex post facto.

> Where a statute extends the period of limitation, the extension applies to offenses not barred at the time of the passage of the act, so that a prosecution may be commenced at any time within the newly established period. Such a statute, however, cannot operate to revive offenses that were barred at the time of its enactment, since that would make the statute ex post facto.

21 Am. Jur.2d *Criminal Law* § 294 (1998). However, what is at issue in this case is not the limitations period but rather the application of a

---

[5] Ark. Code Ann. § 5-1-109(h)(8) (Repl. 1997 and Supp. 2003).

repealed statutory scheme for prosecution of the crime of sexual abuse in the first-degree under section 5-14-108. Although section 5-14-108 was expressly repealed, it may be treated as remaining in force with respect to offenses committed prior to repeal. Ark. Code Ann. § 1-2-120 (Repl. 1996). *See also, Clark v. State*, 246 Ark. 876, 440 S.W.2d 205 (1969). Likewise, the extension of time within which to prosecute a criminal action under section 5-14-108 provided in section 5-1-109(h)(8) was part of the statutory scheme for enforcement of section 5-14-108.

Therefore, because the alleged criminal acts occurred between 1995 and 1997 when section 5-14-108 applied, the criminal action could be filed within three years of the act or acts, or within three years of P.S.'s birthday on February 2, 2003, when she turned eighteen. The action was filed October 8, 2004, well within three years from P.S.'s birthday.

Reversed and remanded.