## Albert HAYES *v.* STATE of Arkansas

CR 08-300                                            288 S.W.3d 204

### Supreme Court of Arkansas
### Opinion delivered October 2, 2008

*The Cannon Law Firm, P.L.C.*, by: *David R. Cannon*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.

JIM GUNTER, Justice. Appellant was convicted by a jury of sexual abuse in the first degree and sentenced to ten years' imprisonment. He now appeals the sufficiency of the evidence supporting his conviction, asserting that the victim's testimony was inconsistent and that the jury had to rely on speculation or conjecture in reaching its verdict. Because this court decided a previous appeal in this case, our jurisdiction is proper under Arkansas Supreme Court Rule 1-2(a) (2008).[1] We affirm the judgment of conviction.

---

[1] In *State v. Hayes*, 366 Ark. 199, 234 S.W.3d 307 (2006), this court reversed the circuit court's dismissal of the criminal action against appellant and determined that the statute of

Appellant was charged with sexual abuse in the first degree after his granddaughter accused him of touching her inappropriately when she was a child. The victim, who was twenty-two at the time of the trial, testified that appellant first abused her when she was eight or nine years old. She testified that she and her family were staying at appellant's home for Thanksgiving, and appellant laid on the floor next to her while watching TV and "spooned" her. She testified that she fell asleep and when she awoke, appellant's hand was on her vagina, inside her pants but not inside her underwear. She testified that her older brother was in the room but that the room was dark and she was under a blanket. She testified that this type of touching happened on more than one occasion. She testified that she told her brother about the abuse when she was seventeen years old, and her brother told her biological father. Her father then brought her to Arkansas to report the abuse. According to an incident report filed with the Ouachita County Sheriff's Office, the victim and her father first reported the abuse on August 8, 2003, when the victim was eighteen years old. On cross-examination, she admitted that she did not remember if all the incidents had happened during the day or at night, whether the lights were on or off, or exactly how many incidents had occurred.

The victim's older brother testified that on one visit to appellant's home for Thanksgiving, he, his sister, and appellant had stayed up late one night watching a movie. He testified that appellant lay behind his sister under a blanket and that "they were spooning like you would spoon with your significant other." He testified that he was approximately thirteen years old at the time and did not think much of it. He testified that he was shocked when he later learned of the abuse.

Finally, the State presented the testimony of the victim's uncle, who testified that he confronted appellant upon learning of the abuse. He testified that appellant had no response at first, but appellant later said he felt "like blowing [his] head off."

At the close of the State's evidence, appellant moved for a directed verdict, arguing that the State had failed to establish he was over eighteen at the time of the alleged offense, that the victim's statements were inconsistent and contradictory, and that

limitations on the sexual abuse charge commenced to run on the victim's eighteenth birthday, making timely the felony information filed approximately eight months after the victim's eighteenth birthday.

there had been no proof the alleged acts were done for the purpose of sexual gratification. The court denied the motion and, after the defense rested without presenting additional evidence, denied the renewed motion. A jury found appellant guilty, and the court imposed the recommended sentence of ten years' imprisonment and a $10,000 fine. Appellant now appeals his conviction to this court.

The test for determining sufficiency of the evidence is whether substantial evidence, either direct or circumstantial, supports the verdict. *Brunson v. State*, 368 Ark. 313, 245 S.W.3d 132 (2006). Substantial evidence is evidence of sufficient certainty and precision to compel a conclusion one way or another and pass beyond mere suspicion or conjecture. *Id.* On appeal, we review evidence in the light most favorable to the appellee and consider only the evidence that supports the verdict. *Id.* The duty of resolving conflicting testimony and determining the credibility of witnesses is left to the discretion of the jury. *Boyd v. State*, 369 Ark. 259, 253 S.W.3d 456 (2007). This court will not pass upon the credibility of a witness and has no right to disregard the testimony of any witness after the jury has given it full credence, unless the testimony is inherently improbable, physically impossible, or so clearly unbelievable that reasonable minds could differ thereon. *Wyles v. State*, 368 Ark. 646, 249 S.W.3d 782 (2007).

On appeal, appellant argues that the only evidence presented by the State to prove its case was the testimony of the victim and that her testimony contained too many inconsistencies to constitute substantial evidence to support his conviction. Although a rape victim's testimony need not be corroborated to support a conviction, *Gatlin v. State*, 320 Ark. 120, 895 S.W.2d 526 (1995), we first note that the victim's testimony was not the only evidence presented; the State also introduced testimony from her brother, who corroborated her account of appellant lying on the floor next to her and "spooning" her. Second, as noted above, any inconsistencies in the victim's testimony were for the jury to resolve, and we are bound by the fact-finder's determination on the credibility of witnesses. *Harmon v. State*, 340 Ark. 18, 8 S.W.3d 472 (2000). In addition, inconsistent testimony does not render proof insufficient as a matter of law, and one eyewitness's testimony is sufficient to sustain a conviction. *Id.* Accordingly, we find that appellant's conviction is supported by substantial evidence and affirm.

Affirmed.

WILLS, J., not participating.