## Jeffery Lynn DAILEY *v.* STATE of Arkansas

CA CR 07-756                                           278 S.W.3d 120

### Court of Appeals of Arkansas
### Opinion delivered February 27, 2008

*Jeff Rosenzweig*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

BRIAN S. MILLER, Judge. A Ouachita County jury convicted appellant Jeffery Lynn Dailey of manslaughter, abuse of a corpse, and a firearm enhancement. Dailey was sentenced to eighteen years' imprisonment. Daily appeals only the abuse of a corpse conviction, arguing that there was insufficient evidence to sustain it. We disagree and affirm.

The trial evidence showed that Dailey shot Sheila Dillard in his living room on March 25, 2006. Dillard's decomposing body was recovered four days later in an unheated and locked "junk room." She had been placed in fifty-five-gallon garbage bags, secured by duct tape, and covered with a tarp. Other items were stored in the same room and a pair of coveralls were jammed under the door.

At the close of the State's case, Dailey moved for a directed verdict on the charge of abuse of a corpse, arguing that he took no

action which was damaging to Dillard's corpse. The motion was denied. In Dailey's case in chief, his mother testified that it was neither uncommon for the "junk room" to be closed, nor was it uncommon for something to be placed under the door. Dailey then rested and renewed his directed-verdict motion. His motion was again denied and he was found guilty of manslaughter, abuse of a corpse, and a firearm enhancement.

Dailey now appeals, arguing that the trial court erred in failing to grant his motion for directed verdict. A motion for directed verdict is a challenge to the sufficiency of the evidence. *Simmons v. State*, 89 Ark. App. 34, 199 S.W.3d 711 (2004). To determine if evidence is sufficient, there must be substantial evidence, direct or circumstantial, to support the verdict. *Id.* Substantial evidence is that which is of sufficient force and character to compel a conclusion one way or the other with reasonable certainty, without speculation or conjecture. *Mayo v. State*, 70 Ark. App. 453, 20 S.W.3d 419 (2000). In reviewing a challenge to the sufficiency of the evidence, this court views the evidence in the light most favorable to the State and considers only the evidence that supports the conviction. *Simmons, supra.*

The crime of abuse of a corpse is a Class D felony which occurs when someone knowingly "[d]isinters, removes, dissects, or mutilates a corpse"; or "[p]hysically mistreats a corpse in a manner offensive to a person of reasonable sensibilities." Ark. Code Ann. § 5-60-101 (Repl. 2005). The Arkansas Supreme Court has held that one who mishandles or neglects a corpse may also be guilty of the abuse of a corpse. *See Dougan v State*, 322 Ark. 384, 912 S.W.2d 400 (1995). In *Dougan,* the appellant wrapped her stillborn baby in bloody sheets and placed him in a dumpster. *Id.* She was charged with the abuse of a corpse but moved for a directed verdict, asserting that there was insufficient evidence to establish that she physically mistreated the corpse of her stillborn child. *Id.* The State, however, argued that "the placing of a corpse in the dumpster constituted physical mistreatment of a corpse." *Id.* The trial court denied the motion and the appellant was convicted. *Id.* The supreme court affirmed her conviction, holding that there was sufficient proof for the jury to conclude that appellant's conduct amounted "to physical mistreatment of a corpse in a manner offensive to a person of reasonable sensibilities." *Id.*

The question we must answer is whether the trial court clearly erred in finding that Dailey's treatment of Dillard's dead body was physical mistreatment, offensive to a person of reason-

able sensibilities. We hold that this case is similar to *Dougan* in that both charged parties attempted to hide dead bodies. In *Dougan*, the appellant wrapped the corpse in bloody sheets and hid it in a dumpster, while Dailey wrapped the corpse in garbage bags and hid it in a "junk room" where it began decomposing. Both cases involved the mishandling or neglect of a corpse constituting physical mistreatment that would offend a person of reasonable sensibilities. Therefore, we affirm.

Affirmed.

PITTMAN, C.J., and GLOVER, J., agree.