2009 Ark. App. 493

Patricia MCCLANAHAN, Appellant,

v.

STATE of Arkansas, Appellee.

No. CA CR 08–1086.

Court of Appeals of Arkansas.

June 24, 2009.

Kimberly Boling Bibb, Paragould, for appellant.

Dustin McDaniel, Att'y Gen., by: Vada Berger, Ass't Att'y Gen., for appellee.

LARRY D. VAUGHT, Chief Judge.

Appellant Patricia McClanahan was convicted by a Scott County jury of manslaughter and abuse of a corpse. She was sentenced to a total of 192 months' imprisonment in the Arkansas Department of Correction (120 months for manslaughter and seventy-two months for abuse of a corpse). McClanahan does not challenge her manslaughter conviction; her sole point on appeal is that the trial court erred in its refusal to grant her motion to dismiss on the abuse-of-a-corpse charge. She argues that her prosecution for abuse of a corpse was time-barred, because it was not commenced within the three-year statute of limitation. We agree and dismiss her abuse-of-a-corpse conviction.

The factual predicate surrounding this appeal is as follows. On May 9, 2007, portions of human remains were found in a pond in Scott County. McClanahan was questioned on May 11, 2007. She admitted that she had indeed killed her husband, Joe Campiglia, in a domestic dispute on January 5, 2003. In her statement she explained that, after shooting him in the head, she decapitated and dismembered his body, then submerged the various body parts in a nearby pond. Her statement was admitted into evidence at trial.

There was no dispute that McClanahan's alleged criminal acts occurred within a two-week period of January 5, 2003. The

State of Arkansas initially filed a felony information alleging that the acts constituting abuse of a corpse were committed by McClanahan on or about January 5, 2003. However, the information was subsequently amended to include an allegation that McClanahan also committed the crime of abuse of a corpse on May 9, 2007, which was the date the body was discovered.

At trial, McClanahan's counsel filed a motion to dismiss the abuse-of-a-corpse charge, arguing that the three-year limitation had run. The trial court denied the motion both at pre-trial and at trial after adopting the State's interpretation of the statute. The State argued then, as it does now, that by failing to properly dispose of her husband's remains (thereby mishandling and neglecting the corpse for over four years) McClanahan's conduct constituted a continuing course of conduct that tolled the statute of limitations until her husband's remains were finally discovered. On appeal, we consider two separate propositions. First, we must determine whether the passive act of secreting a dead body amounts to felony abuse of a corpse. Second, if the first question can be answered affirmatively, we must consider whether a mere prolonged concealment of a corpse is continuing conduct sufficient to toll the three-year limitation.

■ We begin our analysis with the statutory and precedential confines of the crime. Abuse of a corpse is a class D felony that occurs when someone knowingly "[d]isinters, removes, dissects, or mutilates a corpse"; or "[p]hysically mistreats a corpse in a manner offensive to a person of reasonable sensibilities." Ark.Code Ann. § 5–60–101 (Repl.2005). Additionally, our supreme court has held that one who mishandles or neglects a corpse may also be guilty of the abuse of a corpse. *Dougan v. State*, 322 Ark. 384, 393, 912 S.W.2d 400, 405 (1995). In *Dougan*, the

appellant wrapped her stillborn baby in bloody sheets and placed him in a dumpster. *Id.* She was charged with abuse of a corpse but moved for a directed verdict, asserting that there was insufficient evidence to establish that she physically mistreated the corpse of her stillborn child. *Id.* The State, however, argued that the placing of a corpse in the dumpster constituted physical mistreatment of a corpse. *Id.* The trial court denied the motion, and the appellant was convicted. *Id.* In affirming her conviction, our supreme court held that there was sufficient proof for the jury to conclude that appellant's conduct amounted "to physical mistreatment of a corpse in a manner offensive to a person of reasonable sensibilities." *Dougan*, 322 Ark. at 384, 393, 912 S.W.2d at 405. As such, *Dougan*'s holding that "physical mistreatment" includes neglect is now part of the statute's language itself, as the legislature has not amended § 5–60–101 since the case was decided. *See, e.g., Pifer v. Single Source Transp.*, 347 Ark. 851, 857, 69 S.W.3d 1, 4 (2002).

Our court, in *Dailey v. State*, 101 Ark. App. 394, 278 S.W.3d 120 (2008), faced a similar question, and we relied on *Dougan* for our answer when confronted with the question of whether the trial court clearly erred in finding that Dailey's treatment of a dead body was physical mistreatment to a degree that was offensive to a person of reasonable sensibilities. We noted that the facts were similar to those in *Dougan* in that both charged parties attempted to hide dead bodies—in *Dougan*, the appellant wrapped the corpse in bloody sheets and hid it in a dumpster, and Dailey wrapped the corpse in garbage bags and hid it in a utility room where it began decomposing. *Id.* And, we ultimately concluded that both cases involved the mishandling or neglect of a corpse constituting physical mistreatment that would

offend a person of reasonable sensibilities. *Id.*

Based on the reasoning contained in these two cases, we are satisfied that both the beheading and dismembering of the corpse and the subsequent dumping of the body parts in the pond fall within the confines of Arkansas's abuse-of-a-corpse criminal conduct. However, the question remains whether the submerging of the body can qualify as a continuing-course-of-conduct crime that will toll the three-year statute of limitation.

There is no dispute that the body was not discovered until May 9, 2007, and that McClanahan was charged with abuse of a corpse after the three-year statute of limitations had run. Therefore, her conviction can stand only if her continued secreting of the body amounts to physical maltreatment. The State contends that it does, arguing that McClanahan's "complicity in the physical maltreatment of her husband's corpse continued and did not terminate until the corpse was properly handled upon its recovery on May 9, 2007." We acknowledge that neither our court nor our supreme court has considered the question of whether abuse of a corpse can be construed as a continuing-course crime.

A "continuous offense" has been defined by our supreme court as a continuous unlawful act or a series of acts set on foot by a single impulse and operated by unintermittent force, however long a time it may occupy; an offense that continues day-by-day, a breach of criminal law that is not terminated by a single act or fact, but substituting for a definite period and intended to cover or apply to successive similar obligations or occurrences. *Britt v. State*, 261 Ark. 488, 549 S.W.2d 84 (1977). Furthermore, we know that non-support, carrying a concealed weapon, theft by receiving, and theft of public benefits are considered continuing offenses.

*State v. Reeves*, 264 Ark. 622, 574 S.W.2d 647 (1978); *Scott v. State*, 69 Ark.App. 121, 10 S.W.3d 476 (2000). Finally, in determining what constitutes a continuing offense, we are instructed to examine the legislative intent in the statutory definitions of the criminal conduct. *Reeves, supra.*

Here, the abuse-of-a-corpse statute contains absolutely no language relating to concealment but speaks only to specific instances of finite acts that may constitute the crime. None of the acts listed in the abuse-of-corpse statute or *Dougan* are continuing in nature sufficient to show a legislative intent to confer continuing status to this crime. Ark.Code Ann. § 5–60–101 (Repl.2005). It is only logical that if we were to adopt the State's theory in this appeal, in every case where a corpse has been secreted there could be no statute of limitation whatsoever. This consequence surely was not intended by our legislature. Therefore, while we are satisfied that McClanahan did in fact abuse her husband's corpse at least twice, she was not charged with the crime before the limitations period ran. As such, the trial court did not have jurisdiction to try the case, and her sentence is hereby vacated. *Patrick v. State*, 265 Ark. 334, 576 S.W.2d 191 (1979).

Reversed and dismissed.

PITTMAN and GLADWIN, JJ., agree.