ECLECTIC STATE MEDICAL BOARD *v*. BEATTY.

4-6527                                                      156 S. W. 2d 246

Opinion delivered December 8, 1941.

*Jack Holt*, Attorney General, and *Jno. P. Streepey*, Assistant Attorney General, for appellant.

*W. R. Donham*, for appellee.

GREENHAW, J. This is an appeal from a decree of the Pulaski chancery court entered on June 3, 1941, overruling a demurrer of the appellant to the complaint of the appellee, and making permanent a temporary restraining order granted to appellee against the appellant on June 26, 1939, the day the complaint was filed. The complaint herein, to which the demurrer was filed by the attorney general in July, 1939, on behalf of appellant, sought to enjoin the appellant from holding a hearing upon a complaint filed with appellant on November 3, 1938, to revoke the license to practice medicine and surgery theretofore issued by said board to appellee.

The pertinent provisions of the complaint, filed with the Eclectic State Modical Board against the appellee, read as follows:

"That on or about the 9th day of February, 1929, Orville Lentz Beatty was licensed by the Eclectic State Medical Board to practice medcine and surgery in the state of Arkansas; that the said Orville Lentz Beatty falsely represented to said board that he had attended the Kansas City College of Medicine and Surgery, Kansas City, Missouri, during the school years of 1923 to 1926, inclusive; that said diploma was illegally and fraudulently obtained, and that said license or certificate issued to Orville Lentz Beatty by said board was obtained by fraud and deception constituting a ground for revoking said license or certificate under § 8242, Crawford & Moses' Digest of the statutes of Arkansas (§ 10740 of Pope's Digest of the statutes of Arkansas).

"Wherefore the complainants respectfully request that the said Orville Lentz Beatty be given a hearing be-

fore the Eclectic State Medical Board of the state of Arkansas, at such time and place as the board may designate; that said complainants be given an opportunity to appear and present the above charges, and a just hearing be had, and that the certificate or license heretofore issued to Orville Lentz Beatty to practice medicine and surgery in the state of Arkansas be revoked or canceled by the Eclectic State Medical Board of the state of Arkansas.''

Thereafter a copy of said complaint was given to the appellee, and a final notice was given to him that a hearing thereon would be held before the board upon said complaint at 9 o'clock on July 6, 1939. About ten days before the date of said hearing, the appellee filed this suit against the appellant, which resulted in the temporary restraining order and ultimately the decree making the temporary restraining order permanent, after the court overruled the general demurrer and appellant refused to plead further.

The legislature in 1903 provided for the creation of the Eclectic State Medical Board and other medical boards. The law, as amended, will be found in Pope's Digest of the statutes of Arkansas, §§ 10732-10748, inclusive. The pertinent parts of §§ 10739 and 10740 read as follows:

Section 10739. ''. . . The applicant shall present to the board satisfactory evidence of graduation from a reputable medical school, and a school shall be considered reputable within the meaning of this act whose entrance requirements and course of instruction are as high as those adopted by the better class of medical schools of the United States. . . .''

Section 10740. ''The boards may refuse to grant or may revoke a license for the following causes, to-wit:

. . . (e) The representation to the board of any license, certificate or diploma which was illegally or fraudulently obtained, or the practice of fraud or deception in passing the examination. . . .''

The appellee, in his complaint seeking the injunction, raised a number of questions. He alleged that the

board had no right to revoke appellee's license; that appellee was graduated in June, 1928, from the American Medical University of Kansas City, Missouri, which was recognized and approved and in good standing as a medical school by the Arkansas Eclectic Medical Board when it issued to appellee his license to practice in Arkansas on February 9, 1929, after he had taken a written examination given him by said board; that said board was then fully acquainted with the diploma from said school, and was satisfied with his qualifications and the requirements of said school; that he had kept his dues paid and said license was in full force and effect; that he had held district offices in certain medical associations, and was at the time chief of staff of the Baker Hospital at Eureka Springs, Arkansas; that the law, under which the charges were preferred against him, was so vague, indefinite and uncertain as to render it invalid; that if it should be held to be valid, the charges themselves were so vague and indefinite as not to give proper notice and information for him properly to prepare his defense; that the charges against him did not come within the provision of the law under which they were filed, and that they would not authorize the board to revoke his license; that in acting upon the charges as filed the board would be exceeding its lawful jurisdiction; that the personnel of the present board was not the same as the board which licensed him more than nine years before, and that the present board had no right to review or revoke the acts of the former board; that some members of the present board were prejudiced against him and that the board was estopped by laches from revoking his license.

Appellee also alleged that: ''In the practice of his profession he was exercising the rights, privileges and immunities secured to him by art. 14 of the amendments to the constitution of the United States, which provides: 'No state shall make or enforce any law which shall abridge the privileges or impunities of the citizens of the United States; nor shall any state deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the law.' ''

The appellee contends that by its general demurrer the appellant admitted the truth of the allegations of his complaint, and, the facts being taken as true, appellant is in no position to claim that it has any right or legal authority to revoke his license. We think the effect of the demurrer in this case was to admit the truth of well pleaded facts only for the purpose for which the demurrer was filed in the chancery court.

The appellant contends that the chancery court had no jurisdiction in this matter under the law and facts set out in the complaint filed with appellant board asking that appellee's license be revoked; that the law under which the board was attempting to act was not void for uncertainty, nor were the charges against appellee so vague and uncertain as not to inform him of the nature of what he would be confronted with at the hearing. Appellant also contends that the charges against appellee are in fact such as were authorized by the law herein referred to.

The answer to appellee's contention that to revoke his license as proposed here would be a violation of the Fourteenth Amendment to the federal constitution is that the practice of medicine and surgery is not a vested right, but is merely a privilege. *State Medical Board of Arkansas Medical Society* v. *McCrary*, 95 Ark. 511, 130 S. W. 544, 30 L. R. A., N. S., 783, Ann. Cas. 1912A, 631, and cases there cited.

In the case of *State Bar Commission* v. *Sullivan*, 35 Okla. 745, 131 Pac. 703, L. R. A. 1915D, 1218, a similar question was raised with reference to the practice of law, and the court there said: "It is also contended by the defendant that this right to practice law in the courts of this state is a vested right. . . . The right to practice law is not a vested right, but a mere privilege."

We hold that the right to practice medicine and surgery in Arkansas is not such a right that, when and if revoked as provided by law, the Fourteenth Amendment to the federal constitution would be violated.

With reference to the contention of the appellee that the charges against him in the complaint asking that

his license be revoked were so vague and indefinite that they did not constitute proper notice to him so that he could properly prepare his defense, suffice it to say that it is generally held that charges preferred against one before boards are generally not required to be as specifically set forth as in pleadings in courts. In the case of *State ex rel. Williams* v. *Whitman,* 116 Fla. 196, 150 So. 136, 156 So. 705, 95 A. L. R. 1416, the court said: "Charges before boards such as the State Board of Dental Examiners need not be stated with the technical nicety or formal exactness required by pleadings in the courts." To the same effect is the case of *Freeman* v. *State Board,* L. R. A. 1916D, 440: "A complaint filed before a state board of health for the purpose of revoking the license of a physician is sufficient if it informs the accused not only of the nature of the wrong charged, but of the particular instances of its alleged perpetration."

Neither can we agree with the appellee that subsection (e) of § 10740 of Pope's Digest is so vague, indefinite, and uncertain as to be void.

The contention of the appellee that the present board members have no right to review the proceedings of a board composed of different members at the time appellee was licensed, and that the present board would have no power to review the issuance of a license granted by former members of the board is, in our opinion, untenable.

The appellee further contends that even if the law under which this proceeding was invoked is not void for uncertainty, but is valid, and even if we should hold that the charges in the complaint to revoke his license were sufficiently definite and constituted grounds for revoking his license, still this case should be affirmed for the reason that the appellant is estopped by laches, by waiting nine or ten years to start proceedings to revoke his license on grounds which, if they existed at all, existed at the time he was licensed.

We cannot agree with the appellee in this contention. A part of the allegations of the complaint against the appellee seeking to revoke his license was that his diploma was illegally and fraudulently obtained, and also that the

license or certificate which was issued to him by the Arkansas Board was obtained by fraud and deception. Since it is claimed that the appellee was guilty of fraud not only in obtaining his diploma, but also in obtaining his license to practice in the state of Arkansas, we think that the appellant would have the right to proceed after the fraud, if any, had been discovered.

In the case of *State Board of Health* v. *Roy,* 22 R. I. 538, 48 Atl. 802, the court held that where one obtains a license from a state medical board by false or fraudulent representations, this is a continuing offense. Every time such person undertakes to practice under his license he keeps up and continues the fraud initiated when he obtained by false representations his pretended authority to practice.

In the case of *Cunningham* v. *State,* 79 S. W. 2d (Tex.) 180, the court said: "The question was whether it (the license) had been fraudulently obtained, and the allegation that it was obtained by a series of fraudulent acts, continuing from the present time back to the original act, was sufficient. A privilege such as this, conceived in fraud and procured by fraud, cannot be raised, by continued fraudulent devices, to the dignity of a vested right, and the state may properly invoke the aid of the courts in withdrawing the privilege at any time the fraud is uncovered."

The appellee further contends that the law in question does not require a person to attend a medical school for four school years, but only requires that a person be graduated from a reputable medical school, "and a school shall be considered reputable within the meaning of this act whose entrance requirements and course of instruction are as high as those adopted by the better class medical schools of the United States." We think it is generally known and understood that the better class medical schools in the United States require four school years study of medicine before one may graduate therefrom.

Of course, we do not know what the proof would ultimately show with reference to what medical school or schools the appellee attended or graduated and received

diplomas from. The complaint which seeks the revocation of his license mentions only the Kansas City College of Medicine and Surgery. Nothing was stated therein about any representations of appellee as to being a graduate or having a diploma from the American Medical University. The appellee, in his complaint filed in the Pulaski chancery court to enjoin the board from holding a hearing and revoking his license, stated that he was a graduate of the American Medical University of Kansas City, and his diploma therefrom, dated June 2, 1928, was attached as an exhibit to his complaint.

All of the questions raised in this case have had our careful consideration, and we have reached the conclusion that the jurisdiction to hear evidence and to revoke or refuse to revoke the license of the appellee was vested by law in the Eclectic State Medical Board, and the chancery court was without jurisdiction, under the pleadings in this case, to enjoin said board from hearing and determining this question. According to appellee's complaint, we take it that he thinks the Eclectic State Medical Board would not give him a fair and impartial hearing and would revoke his license regardless of the law or the facts in evidence. If a hearing is had by said board which results in appellee's license being revoked, and he feels that the action of the board is arbitrary and illegal, he would then have the legal right to have the board's actions reviewed. Section 2865, Pope's Digest; *Green* v. *Blanchard,* 138 Ark. 137, 211 S. W. 375, 5 A. L. R. 84.

The demurrer should have been sustained, and for the error in overruling it and granting the injunction herein, the decree is reversed, and the cause is remanded with directions to dismiss the complaint of the appellee for want of equity.