SCHIRMER *v.* LIGHT, JUDGE.

5-333                                                   262 S. W. 2d 143

Opinion delivered November 23, 1953.

Q. Byrum Hurst and C. A. Stanfield, for petitioner.

T. J. Gentry, Attorney General and Eugene R. Warren, for respondent.

GRIFFIN SMITH, Chief Justice. The Attorney General, by proceedings in the nature of *quo warranto,* questioned in Clay circuit court the right of Dr. Jacob Sass Schirmer to practice as an eclectic physician, or in the alternative require him to show that license No. 657 issued November 10, 1920, was valid. No facts in avoidance appear upon the face of the certificate, a copy of which is in the record.

Schirmer demurred, contending the state's admission that he had been licensed placed exclusive jurisdiction in the Eclectic State Medical Board. When the court ruled adversely Schirmer applied to this court for prohibition. The writ issued November 16, 1953, coupled with a statement that a formal opinion would follow.

Contention of the Attorney General is that §§ 34-2201 and 34-2203 confer authority to maintain the procedure, the pertinent language being: ''Whenever a person usurps an office or franchise to which he is not entitled by law, an action by proceedings at law may be instituted against him . . . by the state . . . to prevent the usurper from exercising the . . . franchise''. In support of this

position our attention is called to *State ex rel. Robinson, Prosecuting Attorney,* v. *Jones,* 194 Ark. 445, 108 S. W. 901. Judge Butler's comment was that, independent of the statute relied upon, the state is authorized to maintain actions to oust all persons from offices to which they are not eligible, ''or the right to hold which they may have forfeited.''

In the present proceeding reliance is placed upon the court's holding that the state may question in its courts the status of any person to hold office where that right has been forfeited; but since the right to operate under a franchise is likewise subject to judicial inquiry the Attorney General thinks we should construe the law as liberally as language will permit and hold that a physician licensed by a board comes within the reach of the remedy at common law or the statutory expression when so broadened. This point was argued orally when the petition for prohibition was considered.

We do not find in any of our cases that the court has gone to the extent suggested. Such a rule would permit the Attorney General to inquire into the status of all practicing physicians, pharmacists, engineers, dentists, and all persons required to pass an examination as a prerequisite to entering a profession.

In *Eclectic State Medical Board* v. *Beatty,* 203 Ark. 294, 156 S. W. 2d 246, the plaintiff undertook to enjoin the Eclectic Board from revoking his license. This pertinent sentence appears at page 301 of the Arkansas Reports: ''. . . we have reached the conclusion that the jurisdiction to hear evidence and to revoke or refuse to revoke the license of the appellee was vested by law in the Eclectic State Medical Board, and the chancellor was without jurisdiction, under the pleadings in this case, to enjoin said board from hearing and determining this question.''

So, in the case at bar, power was placed with the Board to determine whether an outstanding license was fraudulently procured; and until opportunity has been given that agency to hear evidence and make a finding,

circuit court is without jurisdiction. The method by which the Board's action may be reviewed is not presented at this time.