2010 Ark. 39

**Patricia McCLANAHAN, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 09–761.**

Supreme Court of Arkansas.

Jan. 28, 2010.

Kimberly Boling Bibb, Paragould, for appellant.

Dustin McDaniel, Att'y Gen., by Vada Berger, Ass't Att'y Gen., for appellee.

JIM HANNAH, Chief Justice.

Appellant Patricia McClanahan was convicted by a Scott County jury of manslaughter and abuse of a corpse, for which she was sentenced to consecutive terms of 120 months and 72 months, respectively. McClanahan does not challenge her manslaughter conviction; her sole point on appeal is that the circuit court abused its discretion in denying her motion to dismiss the abuse-of-a-corpse charge. McClanahan asserts that her prosecution for abuse of a corpse was barred by the three-year statute of limitations.

■ McClanahan originally appealed her conviction for abuse of a corpse to the Arkansas Court of Appeals. The court of appeals reversed and dismissed the conviction, holding that the circuit court erred in denying McClanahan's motion to dismiss the charge on the ground that her prosecution was not commenced within the applicable statute of limitations period. *McClanahan v. State*, 2009 Ark.App. 493, 324 S.W.3d 692. The State petitioned this court for review, contending that the court of appeals erroneously rendered a decision on an issue of first impression, specifically, whether abuse of a corpse can be construed as a continuing-course crime. We granted the State's petition for review, pursuant to Arkansas Supreme Court Rule 2–4. When we grant review following a decision by the court of appeals, we review the case as though the appeal was originally filed with this court. *See, e.g., Branning v. State*, 371 Ark. 433, 267 S.W.3d 599 (2007). We reverse the circuit court and affirm the court of appeals.

The record reveals the following facts. On May 9, 2007, portions of human remains were found in a pond in Scott County. During questioning by police, McClanahan admitted that she had killed her husband, Joe Campiglia, during a domestic dispute on January 5, 2003. She further admitted to police that, after shooting her husband in the head, she decapitated and dismembered his body, and then disposed of his body parts by submerging them in a nearby pond.

The State initially filed a felony information alleging that the acts constituting abuse of a corpse were committed by McClanahan on or about January 5, 2003. The State subsequently amended the information to include an allegation that McClanahan abused the corpse "on or between" January 5, 2003, and May 9, 2007, the date that the remains were discovered.

McClanahan filed a motion to dismiss the abuse-of-a-corpse charge, contending that the three-year limitations period had run.[1] The State argued that, by failing to properly dispose of her husband's remains, thereby mishandling and neglecting the corpse for over four years, McClanahan's conduct constituted a continuing course of conduct that tolled the statute of limitations until her husband's remains were finally discovered. The circuit court agreed with the State's interpretation of the statute and denied McClanahan's motion to dismiss. On appeal, McClanahan contends that the circuit court abused its discretion in denying her motion to dismiss the charge of abuse of a corpse because prosecution for this charge was barred by the statute of limitations.

■ It is within the circuit court's discretion to grant or deny a motion to

---

1. Abuse of a corpse is a Class D felony. Ark. Code Ann. § 5–60–101(b) (Repl.2005). A prosecution for a Class D felony must be commenced within three years after the commission of the offense. Ark.Code Ann. § 5–1–109(b)(2) (Repl.2006).

dismiss the prosecution of a charge. *See, e.g., Reeves v. State*, 374 Ark. 415, 288 S.W.3d 577 (2008). When a court's ruling on a matter is discretionary, we will not reverse unless there has been an abuse of that discretion. *Id.* An abuse of discretion may be manifested by an erroneous interpretation of the law. *Id.*

■ A prosecution is commenced when an arrest warrant or other process is issued based on a charging instrument. Ark.Code Ann. § 5–1–109(f) (Repl.2006). For statute-of-limitations purposes, "an offense is committed either when: (A) [e]very element occurs; or (B) [i]f a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time the course of conduct or the defendant's complicity in the course of conduct is terminated." ₄Ark.Code Ann. § 5–1–109(e)(1). We have stated that "[a] continuing offense is a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force." *Britt v. State*, 261 Ark. 488, 491, 549 S.W.2d 84, 86 (1977). In determining whether a statute prohibits a continuing course of conduct, we look to the words used in the statute. For example, in *State v. Reeves*, 264 Ark. 622, 574 S.W.2d 647 (1978), we stated that it was clear that the General Assembly intended to make theft by receiving a continuing offense for statute-of-limitations purposes because it referred to a person's *retaining* stolen property. Therefore, the person's complicity in the crime did not end—and the limitations period did not begin to run—until the person's possession of the stolen property ended. *Id.* In addition to holding that theft by receiving is a continuous offense, we have recognized that nonsupport and obtaining a license from a state medical board by false or fraudulent representations are continuing offenses. *See, e.g., Hampton v. State*, 357 Ark. 473, 183 S.W.3d 148 (2004); *Eclectic State Med. Bd. v. Beatty*, 203 Ark. 294, 156 S.W.2d 246 (1941).[2]

■■ Pursuant to Arkansas Code Annotated section 5–60–101(a) (Repl.2005), "[a] person commits abuse of a corpse if, except as authorized by law, he or she knowingly: (1) [d]isinters, removes, dissects, or mutilates a corpse; or (2) [p]hysically mistreats a corpse in a manner offensive to a person of reasonable sensibilities." We agree that the jury could have found that both the beheading and dismembering of the corpse and the subsequent disposing of the body ₅parts in the pond fall within the conduct prohibited by Arkansas's abuse-of-a-corpse statute. However, there is no dispute that the beheading and dismembering of the corpse took place in January 2003 and that McClanahan was not charged with abuse of a corpse until May 14, 2007, after the three-year statute of limitations had run. Therefore, McClanahan's conviction can stand only if the disposing of the body parts in the pond can qualify as a continuing-course-of-conduct crime that will toll the three-year statute of limitations.

The State contends that McClanahan's abuse of the corpse did not end in January 2003, when she submerged the body parts in the pond. Rather, the State asserts that McClanahan continued to physically mistreat the corpse so long as she concealed it. In sum, the State asserts that McClanahan's "complicity in the physical mistreatment of her husband's corpse continued and did not terminate until the

---

**2.** In *Beatty*, we noted, "Every time such person undertakes to practice under his license he keeps up and continues the fraud initiated when he obtained by false representations his pretended authority to practice." 203 Ark. at 300, 156 S.W.2d at 249.

corpse was properly handled upon its recovery on May 9, 2007." In support of its argument, the State cites *Dougan v. State,* 322 Ark. 384, 393, 912 S.W.2d 400, 405 (1995), where we stated that "we believe[d] that the legislature intended that § 5–60–101 cover [appellant's] placement of her baby's corpse in a dumpster, as such an act constitutes a form of mishandling, abuse, or neglect." Relying on *Dougan,* the State asserts that "neglect" that occurs over a period of time is a continuous offense. Accordingly, the State maintains that McClanahan's neglect-failing to care for her husband's corpse or give proper attention to it after dismembering and disposing of it in a pond in January 2003, in a manner offensive to reasonable sensibilities-constituted physical mistreatment that continued until the discovery of the corpse on May 9, 2007.

⌊The Court of Appeals of Oregon was faced with a similar issue in *State v. Harelson,* 147 Or.App. 556, 938 P.2d 763 (1997). In *Harelson,* the defendant, while looting a Native American burial site in the 1980s, discovered and removed the remains of a boy and a girl. Later, the defendant buried the remains in his backyard. Upon discovery of the remains, the State charged the defendant with two counts of abuse of a corpse.[3] The defendant appealed the convictions, arguing that the prosecution of those offenses was not commenced until after the three-year statute of limitations had expired. The court noted that, while the indictment alleged that the defendant had unlawfully and intentionally abused the bodies "on or about January, 1993 and April, 1995, [t]here [wa]s no evidence that defendant took any action in relation to the bodies during that period. Rather, they remained buried and undisturbed in defendant's garden." *Id.* at 767 (footnote omitted). The State of Oregon asserted that the defendant's abuse of the bodies continued as long as they remained improperly buried, asserting that "a person has a continuing duty to treat dead bodies according to generally accepted community standards," and that "[t]o the extent he or she intentionally continues to interfere with proper treatment of a corpse, including its proper burial, he [or she] commits a new crime each day that the interference continues." *Harelson,* 938 P.2d at 767.

⌊The court rejected the State's argument that the defendant's actions were analogous to that of a defendant committing custodial interference, an offense the court had recognized as a continuing offense, because the custodian's rights are violated each day the child is kept from the custodian. The court opined:

> The state fails to recognize that the statute defines abuse of a corpse as the performance of specific actions at specific times. Disinterring, removing, or carrying away a corpse are all discrete events that are completed once they have occurred. Treating a corpse in a manner not recognized by community standards can also be a discrete act that occurs at a specific moment. In this case, once the bodies were buried, defendant was no longer treating them in any way; his actions were completed.
>
> In contrast, a person who commits custodial interference retains control of the child every day that the interference

---

3. Oregon's abuse-of-a-corpse statute is similar to our statute. In *Harelson,* the court noted that "ORS 166.085(1) provides that a person commits [the offense of abuse of a corpse] if the person either (a) abuses a corpse or (b) disinters, removes, or carries away a corpse. ORS 166.085(3) provides that abusing a corpse 'includes treatment of a corpse by any person in a manner not recognized by generally accepted standards of the community.'" *Harelson,* 938 P.2d at 766–67.

continues and thus continually commits the crime, just as a person who retains stolen property continually commits the crime of theft. There can be situations in which abuse of a corpse is also a continuing crime. For instance, if there were evidence that defendant had kept a skull in his house during the period alleged in the indictment, the jury could have found that he was continuing to treat a corpse in a manner not recognized by generally accepted community standards.[4] However, in the absence of such evidence, abuse of a corpse terminates when the defendant's actions terminate. For that reason, the statute of limitations forecloses prosecution of these counts. We therefore reverse defendant's convictions of abuse of a corpse.

*Id.*

We agree with the reasoning of the Oregon court. In the instant case, once McClanahan disposed of the body parts in the pond, she was no longer physically mistreating the corpse. She was no longer "treating" them in any way; her action of physical mistreatment—disposing of the body parts in the pond—was completed.

■ Finally, while we recognize that we held in *Dougan* that the appellant's placement of her baby's corpse in a dumpster constituted neglect and a form of abuse of a corpse, the question of a continuous offense was not at issue in that case. The offense of abuse of a corpse terminates when the defendant's actions terminate. In this case, the evidence in the record is that McClanahan's actions terminated in January 2003, some four years prior to the filing of the felony information. While there was certainly evidence that McClanahan abused the corpse of her husband,

she was not charged with the crime of abuse of a corpse before the expiration of the limitations period and, as such, the circuit court abused its discretion in denying her motion to dismiss.

Reversed and dismissed.

Circuit court reversed; court of appeals affirmed.

DANIELSON, J., not participating.

---

4. There was evidence that, in April 1992, which was prior to the period alleged in the indictment, the defendant possessed in his home a human skull that may have come from one of the bodies. *Id.* at 764–65, 767 n. 3.