Cite as 2014 Ark. 443

# SUPREME COURT OF ARKANSAS

No. CR–14–345

| | |
|---|---|
| STATE OF ARKANSAS<br>APPELLANT | **Opinion Delivered** October 30, 2014 |
| V. | APPEAL FROM THE CALHOUN COUNTY CIRCUIT COURT [NO. CR 2012-32-1] |
| STEPHEN MICHAEL CRANE<br>APPELLEE | HONORABLE HAMILTON HOBBS SINGLETON, JUDGE |
| | <u>APPEAL DISMISSED IN PART; REVERSED AND REMANDED IN PART.</u> |

**JIM HANNAH, Chief Justice**

The State brings this interlocutory appeal pursuant to Arkansas Rule of Appellate Procedure–Criminal 3 (2014) and contends that the circuit court erred in granting appellee Stephen Crane's motion to suppress. On appeal, the State contends that, because the material-witness rule does not apply to search-and-seizure cases, the circuit court erred as a matter of law by concluding that additional officer testimony was required to support the "pat down" of Crane. The State also contends that the circuit court erred as a matter of law when it found that a warrant was required to search the locked safe discovered in Crane's minivan. We dismiss the appeal in part and reverse and remand to the circuit court in part.

On October 25, 2012, law enforcement officers in Calhoun County arrested Robert Martin after discovering a large quantity of methamphetamine in his vehicle incident to a traffic stop on the parking lot of an Arkansas Game and Fish Commission facility. Martin told

officers that another individual, later identified as appellee, Stephen Crane, had arranged to purchase $5,000 worth of methamphetamine from him in the next hour, and Martin allowed officers to view text messages that Crane had sent him. After Crane sent a text message to Martin to arrange a meeting, officers using Martin's phone responded to Crane via text message and told him to come to a location in Calhoun County "to do the deal."

Crane arrived at the agreed-upon location, exited his minivan, and walked to the front of Martin's vehicle. Shortly thereafter, officers asked, "What's your name?" When Crane answered, "Steve Crane," officers took custody of him and conducted a pat-down search of his person that resulted in the discovery of methamphetamine in his pocket. Officers then arrested Crane and searched his minivan, which led to the discovery of a safe containing $5,000, drug paraphernalia, a small baggie of suspected methamphetamine, and a .32-caliber Smith and Wesson pistol.

On November 30, 2012, the State charged Crane with possession of methamphetamine with the purpose to deliver, possession of drug paraphernalia, unlawful use of a communication device, and simultaneous possession of drugs and a firearm. Crane filed a motion to suppress and an amended motion to suppress, arguing that all items discovered during the search of his person and his minivan should be excluded. The State responded, and the circuit court held a hearing on the motion. Darrell Sells, an agent with the Thirteenth Judicial Drug Task Force, was the sole witness at the hearing. According to Sells, "[o]nce we arrived [at the scene], I believe it was Officer Houston Bradshaw [who]

2

patted him down. The wildlife officer advised me he's got meth in his pocket."[1] Sells stated that he observed the "pat down" of Crane, that he saw what appeared to be methamphetamine removed from Crane's person, and that the discovery of the suspected methamphetamine gave officers probable cause to search Crane's minivan. Further, Sells stated that, "in a sense," the minivan was searched for the safety of officers because "[a]ny time you're dealing with methamphetamine there is a chance you could have chemicals of different types." At the conclusion of the hearing, the circuit court ordered further briefing.

Meanwhile, Martin, who had also been charged with drug offenses, filed a motion to suppress, arguing that all evidence seized and statements made by him before and after his arrest on October 25, 2012, should be suppressed. The circuit court entered an order granting Martin's motion to suppress statements and denying his motion to suppress evidence. Thereafter, the circuit court entered an order granting Crane's motion to suppress, finding that all evidence seized or statements made by Crane based on information received from Martin should be suppressed under the doctrine of the fruit of the poisonous tree. The State requested reconsideration, and in a supplemental order granting Crane's motion to suppress, the circuit court stated that, although it agreed with the State that Crane was "without standing, under the current state of our law, to rely on the failures of law enforcement in [Martin's] case, suppression of the contents of the safe found in [Crane's] vehicle and the evidence seized as a result of an alleged 'pat down' must still be the result"

---

[1]According to Sells, there were "[p]ossibly five" officers at the scene: Officer Houston Bradshaw, Officer Terry Clark, Director Rice, "the game and fish officer," and Sells.

because there were no exigent circumstances to justify the warrantless search of the safe and there was "no valid or tangible evidence that the 'pat down' of Crane was legal or appropriate." The State appeals the circuit court's supplemental order granting Crane's motion to suppress.

As a threshold matter, we must determine the propriety of this appeal under Rule 3 of the Arkansas Rules of Appellate Procedure–Criminal. Pursuant to Rule 3, the State may take an interlocutory appeal "from a pretrial order in a felony prosecution which . . . grants a motion under Ark. R. Crim. P. 16.2 to suppress seized evidence." Ark. R. App. P.–Crim. 3(a)(1). As this court has frequently observed, there is a significant and inherent difference between appeals brought by criminal defendants and those brought on behalf of the State. *E.g.*, *State v. Threadgill*, 2011 Ark. 91, at 6, 382 S.W.3d 657, 660; *State v. Nichols*, 364 Ark. 1, 4, 216 S.W.3d 114, 116 (2005); *State v. Pruitt*, 347 Ark. 355, 359, 64 S.W.3d 255, 258 (2002). The former is a matter of right, whereas the latter is granted to the State pursuant to Rule 3. *See, e.g.*, *State v. Guthrie*, 341 Ark. 624, 628, 19 S.W.3d 10, 13 (2000). Appeals by the State are limited to instances in which the court's holding would be important to the correct and uniform administration of the criminal law. *See, e.g.*, *State v. Rowe*, 374 Ark. 19, 22, 285 S.W.3d 614, 617 (2008). This court has held that the correct and uniform administration of the criminal law is at issue when the question presented is solely a question of law independent of the facts in the case appealed. *See, e.g.*, *State v. Myers*, 2012 Ark. 453, at 4. Therefore, an appeal that turns on facts unique to the case or involves a mixed question of law and fact is not a proper appeal. *See id*. at 5.

SLIP OPINION

In this case, the State has raised two issues for our review. First, the State contends that, because the material-witness rule does not apply to search-and-seizure cases, the circuit court erred as a matter of law by concluding that additional officer testimony was required to support the pat-down search of Crane.[2] Crane responds that, because the issue involves the circuit court's consideration of the particular facts of the case and its determination that those facts did not justify the pat-down search of Crane, this court should dismiss the State's first point on appeal. We agree.

After hearing Sells's testimony, the circuit court found that there was "no valid or tangible evidence" that the pat-down search was "legal or appropriate" and, therefore, the evidence obtained from that search must be suppressed. The circuit court's decision to exclude the evidence necessarily turned on the circuit court's determination of the credibility of Sells. We have long held that the circuit court, not this court, determines the credibility of witnesses. *E.g.*, *Nichols*, 364 Ark. at 5, 216 S.W.3d at 117; *see also State v. Cherry*, 2014 Ark. 194, at 7 (stating that, in suppression cases, "it is the circuit court that will be the ultimate arbiter of credibility") (quoting *Jackson v. State*, 2013 Ark. 201, at 11, 427 S.W.3d 607, 614). Because the resolution of the pat-down-search issue turns on the facts unique to this case, the issue is not appealable by the State. Accordingly, we dismiss the State's first

---

[2]In *Smith v. State*, 254 Ark. 538, 542, 494 S.W.2d 489, 491 (1973), we adopted the rule that "whenever the accused offers testimony that his confession was induced by violence, threats, coercion, or offers of reward then the burden is upon the state to produce all material witnesses who were connected with the controverted confession or give adequate explanation for their absence."



point on appeal.

The second issue raised by the State is that the circuit court erred as a matter of law when it found that a warrant was required to search the locked safe discovered in Crane's minivan. This issue is proper for our review because it is a question of law independent of the facts in the case appealed: Did the circuit court's ruling rest upon an incorrect interpretation of the automobile exception to the Fourth Amendment's warrant requirement?

Generally, a search is considered invalid absent a warrant based on probable cause to search. *See Jackson*, 2013 Ark. 201, at 8, 427 S.W.3d at 613. But in *Carroll v. United States*, 267 U.S. 132 (1925), the Supreme Court of the United States established the "automobile exception" to the warrant requirement, recognizing that the mobile nature of automobiles justifies a search, based on probable cause, even when a warrant has not been obtained. *See id.*, 427 S.W.3d at 613. Moreover, the Court has made clear that "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross*, 456 U.S. 798, 825 (1982); *see also California v. Acevedo*, 500 U.S. 565, 580 (1991) ("The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained.").

In the supplemental order granting Crane's motion to suppress, the circuit court found as follows:

> The search of Crane's vehicle only revealed a black fireproof safe which was locked. Again, Crane is under arrest and his vehicle is in the custody of law enforcement. There are no exigent circumstances, thus there is no reasonable explanation as to why law enforcement did not seek a search warrant of the locked safe.

This ruling is incorrect for two reasons. First, the ruling makes no mention of probable cause. Second, the ruling is based on the circuit court's finding that, absent exigent circumstances, a warrant is required to search a vehicle.

In *Maryland v. Dyson*, 527 U.S. 465 (1999), the Court granted a petition for certiorari of the judgment of the Maryland Court of Special Appeals, in which the Maryland court held that, "in order for the automobile exception to the warrant requirement to apply, there must not only be probable cause to believe that evidence of a crime is contained in the automobile, but also a separate finding of exigency precluding the police from obtaining a warrant." *Id*. at 466 (citing *Dyson v. State*, 712 A.2d 573, 578 (Md. Ct. Spec. App. 1998)). The Court reversed, holding that "the 'automobile exception' has no separate exigency requirement[;]" rather, it requires only a finding of probable cause. *Id*. at 466–67. The Court explained,

> The Fourth Amendment generally requires police to secure a warrant before conducting a search. *California v. Carney*, 471 U.S. 386, 390–391 (1985). As we recognized nearly 75 years ago in *Carroll v. United States*, 267 U.S. 132, 153 (1925), there is an exception to this requirement for searches of vehicles. And under our established precedent, the "automobile exception" has no separate exigency requirement. We made this clear in *United States v. Ross*, 456 U.S. 798, 809 (1982), when we said that in cases where there was probable cause to search a vehicle "a search is not unreasonable if based on facts that would justify the issuance of a warrant, *even though a warrant has not been actually obtained*." (Emphasis added.) In a case with virtually identical facts to this one (even down to the bag of cocaine in the trunk of the car), *Pennsylvania v. Labron*, 518 U.S. 938 (1996) (*per curiam*), we repeated that the automobile exception does not have a separate exigency requirement: "If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more." *Id*. at 940.
>
> In this case, the Court of Special Appeals found that there was "abundant probable cause" that the car contained contraband. This finding alone satisfies the automobile exception to the Fourth Amendment's warrant requirement, a conclusion correctly reached by the trial court when it denied respondent's motion to suppress.

> The holding of the Court of Special Appeals that the "automobile exception" requires a separate finding of exigency in addition to a finding of probable cause is squarely contrary to our holdings in *Ross* and *Labron*.

*Id.* at 466–67.

We hold that, in the instant case, the circuit court erred as a matter of law in finding that, absent exigent circumstances, a warrant was required to search the safe in Crane's minivan; therefore, we reverse and remand on the State's second point on appeal. Because we have dismissed the State's first point on appeal, the circuit court's ruling excluding the evidence from the pat-down search stands. Accordingly, on remand, the circuit court must determine whether, independent of the evidence seized during the pat-down search, officers had probable cause to search the safe in Crane's minivan.

Appeal dismissed in part; reversed and remanded in part.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellant.

*Robinson & Zakrzewski, P.A.*, by: *Luke Zakrzewski*, for appellee.