SLIP OPINION

Cite as 2016 Ark. 411

# SUPREME COURT OF ARKANSAS

No. CR–15–890

| | |
|---|---|
| STATE OF ARKANSAS<br>APPELLANT | **Opinion Delivered** December 1, 2016 |
| V. | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. CR–2014-2076] |
| WALTER CECIL GRAY<br>APPELLEE | HONORABLE JOANNA TAYLOR, JUDGE |
| | DISMISSED IN PART; AFFIRMED IN PART. |

**PAUL E. DANIELSON, Associate Justice**

The State of Arkansas appeals from an order of the Washington County Circuit Court dismissing a charge of theft by deception against appellee Walter Cecil Gray on the basis that the charge was barred by the applicable statute of limitations. On appeal, the State contends that the circuit court abused its discretion in granting Gray's motion to dismiss. We dismiss the appeal in part and affirm it in part.

On November 13, 2014, Gray was charged by information with one count of theft by deception in violation of Arkansas Code Annotated section 5–36–103(a)(2) (Repl. 2013). The offense was charged as a Class B felony pursuant to section 5–36–103(b)(1)(A) because the value of the property alleged to have been stolen was greater than $25,000. An arrest warrant was issued that same day. In short, the State alleged that the victim, Treva Shaffer, had loaned Gray $40,000 and that Gray had no intention of paying her back. Shaffer had two wire

SLIP OPINION

transfers sent to an account at an Arvest Bank in Fayetteville—the first on June 9, 2011, for $25,000, and the second on June 27, 2011, for $15,000. The State alleged that the Arvest account was actually owned by Old Timers Electric Corporation, an "alter-ego" of Gray, and that Gray did not inform Shaffer of this until after the wire transfers had been made. The State further alleged that, in 2013, Shaffer had begun to seek repayment from Gray, who first promised to repay her himself and then assured her that she would be repaid by various persons and entities that Shaffer believed to be fictitious. The State averred in the information that the offense was committed between June 1, 2011, and June 17, 2014.

Gray filed a motion to dismiss asserting that the three-year statute of limitations for Class B felonies had expired before commencement of the prosecution. *See* Ark. Code Ann. § 5-1-109(b)(2) (Repl. 2013). He also filed a motion for bill of particulars, specifically requesting that the State apprise him of the particular date or dates on which the theft was alleged to have occurred. In response, the State argued that Gray had engaged in an ongoing pattern of deception and that his theft was therefore a continuing course of conduct for which the statute of limitations had not yet run. *See id.* § 5-1-109(e)(1)(B). The State also referred to the tolling provision found in subsection (c)(1), which provides that the statute of limitations for an offense involving fraud may be extended for one year after the offense has been discovered or should reasonably have been discovered. After a hearing on Gray's motions, the circuit court ordered the State to file a bill of particulars and took the motion to dismiss under advisement.

SLIP OPINION

In its bill of particulars, the State continued to allege that Gray had committed the offense of theft by deception between June 1, 2011, and June 17, 2014. The State did expand on the allegations in some respects: it averred that Shaffer had become acquainted with Gray when she sold two pieces of property through his realty company in 2010, that Gray had started pressing Shaffer for a loan in May 2011 while Shaffer was out of state, and that Shaffer had agreed to loan the money to Gray personally. The State also alleged that the funds in the Arvest account had been used to pay Gray's personal expenses and as a source of cash, although he had represented to Shaffer that the funds were to be used as an investment in a "water powered generating technology" and in "solar distribution contracts." In addition, the State alleged that subsequent to the June 2011 wire transfers and continuing until the spring of 2013, Gray continued to press Shaffer for more loans; in exchange, he offered her a percentage of the gross revenue of Old Timers Electric Corporation, stock in Old Timers Electric Corporation, and a new car. Shaffer refused these requests. The State further alleged that Shaffer first confronted Gray about the money he owed her in the spring of 2013. This resulted in multiple promises by Gray to repay her, both personally and through third parties, which continued until May 2014. According to the State, Shaffer retained an attorney sometime during that time frame. Additionally, Gray filed for bankruptcy in November 2013 and did not list Shaffer as either a secured or an unsecured creditor. The State alleged that Gray was engaged in an ongoing deception of Shaffer "until June 17, 2014," although the bill of particulars contained no other reference to that specific date.

SLIP OPINION

Gray then renewed and amended his motion to dismiss, arguing that theft by deception is not a continuing offense and that the statute of limitations began to run when every element of the offense had occurred, pursuant to Arkansas Code Annotated section 5-1-109(e). He further contended that there was no fraud for purposes of the tolling provision and that, even if there had been, Shaffer knew or should have known that the offense had been committed by June 27, 2011, the date of the second wire transfer. In response to the State's bill of particulars, Gray maintained that any deception he was alleged to have engaged in after the June 2011 wire transfers was irrelevant, making the offense, if there was one, complete on June 27, 2011. In response, the State continued to argue that the statute of limitations had not run, either because theft by deception constituted a continuing offense or because the tolling provision applied.

After another hearing, the circuit court entered its order granting Gray's motion to dismiss on July 30, 2015. The court specifically found that the statute of limitations had begun to run on June 27, 2011, and that more than three years had elapsed before commencement of the prosecution. The court further found that theft by deception is not a continuing course of conduct and that there was no fraud to invoke the one-year extension of the statute of limitations. This appeal timely followed.

As a threshold matter, we must determine the propriety of this appeal under Rule 3 of the Arkansas Rules of Appellate Procedure–Criminal (2016). Pursuant to Rule 3, the right of appeal by the State is limited. *See, e.g.*, *State v. Brashers*, 2015 Ark. 236, 463 S.W.3d 710. This court has consistently held that there is a significant difference between appeals brought

by criminal defendants and those brought on behalf of the State. *See id.* The former is a matter of right, whereas the latter is neither a matter of right nor derived from the Constitution. *See id.* Rather, it is only granted pursuant to the confines of Rule 3. *See id.* We accept appeals by the State when our holding would be important to the correct and uniform administration of the criminal law. *See id.* As a matter of practice, this court has only taken appeals "which are narrow in scope and involve the interpretation of law." *Id.* at 5, 463 S.W.3d at 712 (quoting *State v. Stephenson*, 330 Ark. 594, 595, 955 S.W.2d 518, 519 (1997)). We do not permit State appeals merely to demonstrate the fact that the trial court erred. *See id.*

Thus, where an appeal does not present an issue of interpretation of the criminal rules with widespread ramifications, this court has held that such an appeal does not involve the correct and uniform administration of the law. *See id.* Similarly, where the resolution of the issue on appeal turns on the facts unique to the case or involves a mixed question of law and fact, the appeal is not one requiring interpretation of our criminal rules with widespread ramifications, and the matter is not appealable by the State. *See id.* Finally, where an appeal raises an issue of the application, rather than the interpretation, of a criminal rule or statutory provision, it does not involve the correct and uniform administration of the criminal law and is not appealable by the State under Rule 3. *See id.*

The crux of the State's argument in this appeal is that the circuit court erred in granting the motion to dismiss because the statute of limitations had not yet expired when this prosecution was commenced. The State advances two alternative theories in support of this

argument. First, it contends that theft by deception is a continuing offense for statute-of-limitations purposes. This issue clearly involves interpretation of the law, and the outcome will potentially have widespread ramifications. *See id.* Our statute of limitations refers to continuing offenses as those where "a legislative purpose to prohibit a continuing course of conduct plainly appears." Ark. Code Ann. § 5-1-109(e)(1)(B). In determining whether a statute prohibits a continuing course of conduct, we look to the words used in the statute. *See McClanahan v. State*, 2010 Ark. 39, 358 S.W.3d 900. Accordingly, this is an issue of statutory interpretation rather than application. Moreover, our decision on this issue will affect future cases, indicating that the holding will be important to the correct and uniform administration of the criminal law. *See, e.g., State v. Hayes*, 366 Ark. 199, 234 S.W.3d 307 (2006). We hold that this issue is properly before us.

The State's alternative theory is that, even if theft by deception is not a continuing offense, the three-year statute of limitations was extended in accordance with Arkansas Code Annotated section 5-1-109(c)(1) due to Gray's fraud, which Shaffer did not discover until sometime in 2014. By necessity, this argument requires that the State establish two factual issues: whether Gray had engaged in fraud, and, if so, when Shaffer discovered, or reasonably should have discovered, the offense. This court has consistently held that an appeal that turns on facts unique to the case or involves a mixed question of law and fact is not a proper State appeal. *See, e.g., State v. Crane*, 2014 Ark. 443, 446 S.W.3d 182. The correct and uniform administration of the criminal law is at issue when the question presented is solely a question of law independent of the facts in the case appealed. *See id.* Because the State's argument on

SLIP OPINION

this point turns on facts unique to the case, we hold that the issue is not properly before us, and we dismiss this part of the State's appeal. *See id.* (dismissing State appeal in part and reversing and remanding on another point on appeal); *State v. Rice*, 329 Ark. 219, 947 S.W.2d 3 (1997) (same).

For the above-stated reasons, our analysis is limited to the State's contention that the circuit court erred in dismissing the charge because theft by deception constitutes a continuing offense. It is within a circuit court's discretion to grant or deny a motion to dismiss the prosecution of a charge. *See, e.g.*, *McClanahan*, 2010 Ark. 39, 358 S.W.3d 900 (citing *Reeves v. State*, 374 Ark. 415, 288 S.W.3d 577 (2008)). When a court's ruling on a matter is discretionary, we will not reverse unless there has been an abuse of that discretion. *See id.* An abuse of discretion may be manifested by an erroneous interpretation of the law. *See id.*

There is no dispute that, because Gray was charged with a Class B felony, the statute of limitations required that the prosecution be commenced within three years after the commission of the offense. *See* Ark. Code Ann. § 5-1-109(b)(2). Additionally, the parties do not dispute that the statute of limitations "starts to run on the day after the offense is committed." *See id.* § 5-1-109(e)(2). In essence, the State's argument on appeal challenges the circuit court's finding as to when the offense was committed.

Our statute of limitations provides, in part, as follows:

(e)(1) For the purposes of this section, an offense is committed either when:

(A) Every element occurs; or

(B) If a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time the course of conduct or the defendant's complicity in the course of conduct is terminated.

Ark. Code Ann. § 5-1-109(e)(1). As stated previously, in determining whether a statute prohibits a continuing course of conduct, we look to the words used in the statute. *See McClanahan*, 2010 Ark. 39, 358 S.W.3d 900. This court has explained that a continuing offense is

> a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy; an offense which continues day by day; a breach of the criminal law, not terminated by a single act or fact, but subsisting for a definite period and intended to cover or apply to successive similar obligations or occurrences.

*State v. Reeves*, 264 Ark. 622, 627, 574 S.W.2d 647, 649 (1978), *cert. denied*, 441 U.S. 964 (1979) (quoting *Britt v. State*, 261 Ark. 488, 491, 549 S.W.2d 84, 86 (1977) (quoting 22 C.J.S. Criminal Law § 1 (1989))).

The State avers that the words used in the theft-by-deception statute plainly show a legislative intent to prohibit a continuing course of conduct. In support of this argument, the State points to *Reeves*, 264 Ark. 622, 574 S.W.2d 647, wherein this court held that theft by receiving can constitute a continuing offense. There, we focused on that part of the statute that concerns retaining possession of stolen property (as opposed to receiving stolen property) and held that "[b]y the very use of the word 'retains,' there was a clear intention of the General Assembly to make this aspect of the crime a continuing offense."[1] *Id.* at 626, 574

---

[1] The theft-by-receiving statute applicable at that time provided that "[a] person commits the offense of theft by receiving if he receives, retains, or disposes of stolen property

S.W.2d at 649. In so holding, we referred to the dictionary definition of the word "retain": "to hold or continue to hold in possession or use; to continue to have, use, recognize, accept, etc.; to maintain in one's keeping; as to retain part of the money, one's position, one's faculties." *Id.* (quoting *Webster's New Int'l Dictionary* (2d ed.)). The State also points to *Scott v. State*, 69 Ark. App. 121, 10 S.W.3d 476 (2000), wherein our court of appeals held that theft of public benefits is a continuing offense. The court in *Scott* relied on this court's decision in *Reeves*, noting the legislature's use of the terms "obtains" and "retains" in defining the elements of the offense. *See id.* at 127, 10 S.W.3d at 480 (quoting Ark. Code Ann. § 5–36–202 (Repl. 1997)). The court explained that, although the appellant had completed applications for public benefits containing false statements outside of the limitations period, all of the elements of the offense of theft of public benefits "would not have been present until she actually obtained and/or retained the public benefits." *Id.* at 127, 10 S.W.3d at 480.

The statute under which Gray was charged provides that a person commits theft of property if he or she knowingly "[o]btains the property of another person by deception or by threat with the purpose of depriving the owner of the property." Ark. Code Ann. § 5–36–103(a)(2).[2] In relation to property, to "obtain" means "to bring about a transfer or purported transfer of property or of an interest in the property, whether to the actor or another person." *Id.* § 5–36–101(6)(A) (Repl. 2013). The dictionary definition of the word "obtain" is similar:

of another person, knowing that it was stolen, or having good reason to believe it was stolen." Ark. Stat. Ann. § 41–2206(1) (Repl. 1977).

[2]The State also references the words used in section 5–36–103(a)(1), but Gray was not charged under that subsection.

"[t]o bring into one's own possession; to procure, esp. through effort." *Black's Law Dictionary* 1247 (10th ed. 2014).

The State maintains that the word "obtains" as used in the theft-by-deception statute is synonymous with the word "retains" as used in the theft-by-receiving and theft-of-public-benefits statutes. We disagree. The word "obtain" simply does not have the continuation component inherent in the word "retain." Giving the word its ordinary and usually accepted meaning in common language, which we are required to do when construing statutes, *see, e.g.*, *Rea v. State*, 2015 Ark. 431, 474 S.W.3d 493, "obtain" connotes a singular, discrete taking of possession that occurs at a given time. *See State v. Taylor*, 349 P.3d 696, 703 (Utah 2015) (holding that theft is not a continuing offense because the key actus reus elements of the offense—obtaining and exercising—"are discrete acts that are satisfied instantaneously"). It is true that the theft-of-public-benefits statute interpreted in *Scott* used the word "obtains" as well as "retains." 69 Ark. App. at 124, 10 S.W.3d at 478 (quoting Ark. Code Ann. § 5-36-202). However, as the court explained, "every time appellant received public benefits based upon the December 1993 applications, she continued the fraud initiated when she obtained by her false representations the right to receive such public benefits." *Id.* at 127, 10 S.W.3d at 480. In this way, *Scott* is distinguishable from the instant case, and the mere use of the word "obtains" does not necessarily transform a statute into one prohibiting a continuing course of conduct.[3]

---

[3]Additionally, the State seizes on a single inapposite line from *Reeves* in advancing its argument on this point. After holding that retaining possession of stolen property, which falls

The State also focuses on Gray's alleged pattern of deception, suggesting that the theft–by-deception statute is intended to prohibit such ongoing conduct. As the State points out, one of the statutory definitions of "deception" is "[e]mploying [a] scheme to defraud." Ark. Code Ann. § 5-36-101(3)(A)(v). This court has characterized the act of employing a scheme to defraud as "forming [a] plan or devising some trick to perpetrate fraud upon another," which "connotes a plan or *pattern of conduct*" intended to or reasonably calculated to deceive. *McEntire v. State*, 363 Ark. 473, 477, 215 S.W.3d 658, 660 (2005) (quoting *Black's Law Dictionary* 1344 (6th ed. 1990)) (emphasis added). The State also points out that this court has previously treated ongoing false representations as a continuing offense. In *Eclectic State Medical Board v. Beatty*, 203 Ark. 294, 156 S.W.2d 246 (1941), this court held that obtaining a license from a state medical board by false or fraudulent representations is a continuing offense. We reasoned that "[e]very time such person undertakes to practice under his license he keeps up and continues the fraud initiated when he obtained by false representations his pretended authority to practice." *Id.* at 300, 156 S.W.2d at 249.

---

under theft by receiving, is a continuing course of conduct, this court stated: "There is nothing in the definition of 'receiving' in Ark. Stat. Ann. § 41-2206(2) that leads to a contrary conclusion." 264 Ark. at 626, 574 S.W.2d at 649. The State interprets this to mean that receipt of stolen property is also a continuing offense, but this court made clear in *Reeves* that it was addressing only the act of retaining possession of stolen property. The definition of "receiving" in subsection (2) of the statute referred to the broader term of "theft by receiving." Thus, for purposes of comparing the instant case to *Reeves*, it matters not that the words "receive" and "obtain" are similar; the *Reeves* analysis focused only on the word "retains," which does not appear in the theft-by-deception statute.

We are not persuaded by this argument. If Gray was indeed engaged in an ongoing scheme to defraud Shaffer, that scheme culminated in the wire transfers of June 9 and 27, 2011. The allegations that he continued to pressure Shaffer for more money and continued to make promises to repay, which were ultimately unfulfilled, are irrelevant for purposes of determining when the offense was committed. *See Ex parte Rosborough*, 909 So. 2d 772 (Ala. 2004) (holding that the deception necessary for theft by deception must precede the defendant's obtaining the property from its owner and that any subsequent deception is irrelevant for statute-of-limitations purposes). Gray was charged with committing the offense of theft of property on the basis that he knowingly "[o]btain[ed] the property of another person by deception . . . with the purpose of depriving the owner of the property." Ark. Code Ann. § 5-36-103(a)(2). Accordingly, the alleged offense was complete when he obtained Shaffer's property.

For the foregoing reasons, we hold that theft by deception is generally not a continuing offense. Accordingly, the alleged offense was committed when "[e]very element occur[red]." *See* Ark. Code Ann. § 5-1-109(e)(1)(A). In accordance with the State's allegations, Gray knowingly obtained Shaffer's property by deception, with the purpose of depriving her of it, on June 9 and 27, 2011, when she made wire transfers into an account controlled by him. *See* Ark. Code Ann. § 5-36-103(a)(2). Therefore, the statute of limitations began to run in June 2011, and the three-year limitations period expired before the State commenced prosecution on November 13, 2014. We affirm the circuit court's dismissal of the charge on this basis.

Dismissed in part; affirmed in part.

BAKER, GOODSON, and HART, JJ., dissent.

**COURTNEY HUDSON GOODSON, Justice, dissenting.** The majority holds that this court has jurisdiction to decide whether, for purposes of the statute of limitations, theft by deception is a continuing offense in the instant case. I respectfully disagree with that conclusion.

This court decides appeals brought by the State in criminal cases only when the issue is narrow in scope, involves the interpretation of law, has widespread ramifications, and involves the correct and uniform administration of the criminal law. *State v. Coble*, 2016 Ark. 114, 487 S.W.3d 370. This court has held that the correct and uniform administration of the criminal law is at issue when the question presented is solely a question of law independent of the facts in the case appealed. *State v. Crane*, 2014 Ark. 443, 446 S.W.3d 182. Similarly, where the resolution of the issue on appeal turns on the facts unique to the case or involves a mixed question of law and fact, the appeal is not one requiring interpretation of our criminal rules with widespread ramification, and the matter is not appealable by the State. *State v. Brashers*, 2015 Ark. 236, 463 S.W.3d 710.

The question presented by the State in this appeal is whether the charge of theft by deception is barred by the applicable three-year statute of limitations. For reversal of the circuit court's dismissal order, the State asserts that the statute of limitations had not expired, because the period was extended by fraud and because theft by deception is a continuing offense in this case. The majority correctly concludes that whether the statute of limitations

SLIP OPINION

was extended by fraud is not a proper subject for a State appeal because the resolution of that issue turns on the unique facts of this case and involves a mixed question of fact and law. On the other hand, it maintains that the issue whether theft by deception is a continuing offense is purely one of law. Specifically, the majority holds that the question turns solely on statutory interpretation and not on the application of the law to the particular facts of this case. I do not agree with this conclusion.

In its argument, the State invokes our decision in *McEntire v. State*, 363 Ark. 473, 215 S.W.3d 658 (2005), where this court considered the question whether the evidence was sufficient to support a conviction for theft by deception. In the opinion, we observed that the term "deception" is defined by statute as "[e]mploying any other scheme to defraud." This court also noted that a "scheme to defraud,"

> For purposes of fraudulent representation statutes, [a scheme to defraud] consists of forming [a] plan or devising some trick to perpetrate fraud upon another. . . . Such connotes a plan or pattern of conduct which is intended to or is reasonably calculated to deceive persons of ordinary prudence and comprehension.

*McEntire*, 363 Ark. at 477, 215 S.W.3d at 660 (quoting *Black's Law Dictionary* 1344 (6th ed. 1990)). Based on this definition, the State argues that the facts of this case demonstrate that Gray engaged in a continuing scheme to defraud.

Further, the State asserts that the offense was not committed until Gray's course of conduct had terminated, which according to the State, under the facts of this case, occurred on May 17, 2014. In support of that contention, the State relies on the New Jersey Supreme Court's opinion in *State v. Diorio*, 83 A.3d 831 (N.J. 2014). There, the court recognized that

theft by deception can be considered a continuing offense where the facts show that a defendant engaged in a continuing scheme or course of behavior to obtain funds by deception. The court also held that, under that set of facts, the statute of limitations does not commence until the course of conduct is complete.

The State's argument is that theft by deception is a continuing offense under the facts of this case. As presented here, resolution of this issue is not purely a matter of statutory construction. Rather, it is a question of law that is dependent on the facts of this case. Moreover, this court has held that determining whether the statute of limitations on a particular felony has run does not involve the correct and uniform administration of criminal law and is not appropriate for a State appeal. *State v. Mazur*, 312 Ark. 121, 847 S.W.2d 715 (1993). "Where the trial court acts within its discretion after making an evidentiary decision based on the facts on hand or even a mixed question of law and fact, this court will not accept an appeal" brought by the State. *Id.* at 123, 847 S.W.2d at 716 (quoting *State v. Edwards*, 310 Ark. 516, 518, 838 S.W.2d 356, 357 (1992)). We should do the same here and dismiss the appeal in its entirety.

BAKER and HART, JJ., join.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellant.

*Chad L. Atwell*, for appellee.