John Dan Kemp, Chief Justice, concurring. The majority opinion “examine[s] the basis of the circuit court’s ruling [to acquit Martin] in light of prevailing law” and proceeds to reach the merits of the State’s argument. I concur with the majority’s disposition to dismiss the appeal but write separately to provide a wholly different analysis. Because the circuit court’s grant of Martin’s motion for directed verdict turned on the application of the law to the facts, I would dismiss for lack of a proper State appeal. Pursuant to Rule 3 of the Arkansas Rules of Appellate Procedure-Criminal, the right of appeal by the State is limited. State v. Gray, 2016 Ark. 411, 505 S.W.3d 160. This court has consistently held that there is a significant difference between appeals brought by criminal defendants and those brought on behalf of the State. Id., 505 S.W.3d 160. The former is a matter of right, whereas the latter is neither a matter of right, nor derived from the Constitution; rather, it is only granted pursuant to the confines of Rule 3. Id., 505 S.W.3d 160. We accept appeals by the State when our holding would be important to the correct and uniform administration of the criminal law. State v. Canada, 2016 Ark. 318, 499 S.W.3d 204. As a matter of practice, this court has only taken State appeals “which are narrow in scope and | minvolve the interpretation of law.” Id. at 3, 499 S.W.3d at 206 (quoting State v. Banks, 322 Ark. 344, 346, 909 S.W.2d 634, 635 (1995)). We do not permit State appeals merely to demonstrate the fact that the trial court erred. Gray, 2016 Ark. 411, 505 S.W.3d 160. When an appeal does not present an issue of interpretation of the criminal rules with widespread ramifications, this court has held that such an appeal does not involve the correct and uniform administration of the law. Id., 505 S.W.3d 160. Similarly, where the resolution of the issue on appeal turns on the facts unique to the case or involves a mixed question of law and fact, the appeal is not one requiring interpretation of our criminal rules with widespread ramifications, and the matter is not appealable by the State. Id., 505 S.W.3d 160. On appeal, the State contends in the jurisdictional statement of its brief to this court that the issue on appeal is “whether the circuit court erred by acquitting [Sto-ver] based on this court’s search-and-seizure decision in Fowler [2010 Ark. 431, 371 S.W.3d 677].” In Fowler, police officers observed Fowler walking through a backyard on private property at approximately 7:25 a.m. in close proximity to a nearby high school. The police officers asked Fowler to approach. When one officer asked his name, Fowler blurted an unintelligible word and ran. An officer pursued Fowler and took him into custody. This court held that Fowler’s arrest for fleeing exceeded the scope of an investigatory stop. Id., 371 S.W.3d 677. The issue presented in the State’s appeal does not involve an interpretation of the law but instead requires an application of the law to the particular facts and circumstances of this case. From the bench, the circuit court ruled, | nIt seems to me that the language of the court ... where they implored the language where ‘Fowler was arrested for fleeing’ — assuming that there was in this instance, that Trooper Murphy had probable — had suspicion, sufficient suspicion to stop Mr. Martin to make that initial inquiry due to driving slowly, having the — no seatbelt on, that was sufficient reason to make the stop, to talk to him, to see what was going on. I think the tasing does immediately move into the arrest portion of that. And the investigation that I think — that apparently Fowler is saying needs to be conducted was not carried out in this instance. And the court is going to grant [counsel’s] motion, judgment for acquittal. Subsequently, in its order, the circuit court “understood [Martin] was seeking a directed verdict,” granted directed verdict in Martin’s favor, and stated that [a]fter the parties announced ready for trial, after selection of a jury, all witnesses sworn, testimony of witnesses, introduction of evidence, and the State, the cause was submitted to the Court. Whereas defense counsel sought a judgment of acquittal or dismissal, given it was a jury trial, the Court understood defense was seeking a directed verdict. After argument on said motion, the court granted [the] defense’[s] motion for a directed verdict and rendered a verdict of NOT GUILTY to all charges. From the bench ruling and the order, the circuit court clearly based its application of Fowler, 2010 Ark. 431, 371 S.W.3d 677, to the unique facts and circumstances of the case before it. After weighing the evidence presented at Martin’s trial and determining the credibility of Trooper Murphy, the circuit court found that the State did not prove Martin’s guilt beyond a reasonable doubt and granted Martin’s motion for directed verdict. This case therefore presents a mixed question of law and fact. See, e.g., State v. Myers, 2012 Ark. 453, 2012 WL 6061932. Notwithstanding the State’s attempt to have this court render an advisory opinion in declaring any alleged error by the circuit court, this court will not consider a State’s appeal when it presents a mixed question of law and fact. See, e.g,, State v. Aud, 351 Ark. 531, 95 S.W.3d 786 (2003); State v. Stephenson, 330 Ark. 594, 955 S.W.2d 518 (1997). Thus, hJ would hold that the State’s appeal does not require an interpretation of law with widespread ramifications or the uniform administration of justice, as required by Rule 3. Accordingly, I would dismiss the appeal and would decline to reach the merits of the State’s argument. Wood and Womack, JJ., join.