SLIP OPINION

Cite as 2015 Ark. 236

# SUPREME COURT OF ARKANSAS

No. CR-14-934

| | |
|---|---|
| STATE OF ARKANSAS<br><br>APPELLANT<br><br>V.<br><br><br>CHRISTOPHER BRASHERS<br><br>APPELLEE | **Opinion Delivered** May 28, 2015<br><br>APPEAL FROM THE INDEPENDENCE COUNTY CIRCUIT COURT<br>[NO. CR 2012-83-1]<br><br>HONORABLE JOHN DAN KEMP, JUDGE<br><br>DISMISSED. |

**JIM HANNAH, Chief Justice**

The State of Arkansas appeals an order of the Independence County Circuit Court granting a motion to suppress in favor of appellee Christopher Brashers. For reversal, the State argues that the circuit court erred as a matter of law in interpreting *Michigan v. Tyler*, 436 U.S. 499 (1978), by resolving the issue of a warrantless search using agency principles and in ruling that insurance investigators acted as agents of a law-enforcement agency. We hold that this court lacks subject-matter jurisdiction because the circuit court's order was a mixed question of law and fact; accordingly, the correct and uniform administration of criminal law does not require this court's review pursuant to Arkansas Rule of Appellate Procedure–Criminal 3(c) (2014). We dismiss the appeal.

On June 20, 2011, at approximately 9:00 p.m. in Batesville, a fire destroyed a commercial structure that housed three businesses. Those businesses were Pioneer Pizza,

which was operated by Brashers; a dental office; and a pharmacy. According to the testimony of John Brent Gleghorn, Batesville's Fire Chief, and Randy Sharp, Deputy Sheriff with the Independence County Sheriff's Office, Batesville firefighters extinguished the fire, but hot spots and steam remained the following day on June 21, 2011. The structure sustained heavy damage. For public-safety reasons, firefighters and police officers secured the scene. Firefighters salvaged items and overhauled the property throughout June 22, 2011.

Officer Sharp testified that he took photographs, sketched diagrams of the three businesses, and documented his findings at the scene. On June 23, 2011, Officer Sharp met with fire investigators from insurance companies that held coverage on the three businesses. The investigators inspected each building, determined that the fire originated in the middle room of Pioneer Pizza, and removed debris and certain items, including an exhaust fan and lights, from the scene. As the investigators conducted their business, Officer Sharp photographed their findings. Officer Sharp did not obtain a search warrant, nor did he have Brashers's consent to search his business. Officer Sharp testified that he worked the scene to learn fire-investigation techniques and to determine the origin of the fire for the fire chief. According to Officer Sharp's testimony, the investigators found evidence of an accelerant on the scene.

On May 24, 2012, the State charged Brashers with one count of arson, a Class Y felony, alleging that he had caused an explosion with the purpose of destroying or otherwise damaging an occupiable structure and that the property sustained at least $100,000 in damage. Subsequently, Brashers filed a motion to suppress the evidence seized in the warrantless

search. In his motion to suppress, Brashers argued that law enforcement officers did not have probable cause to search his burned building approximately three days after the fire without a search warrant and that, pursuant to *Tyler*, 436 U.S. 499, the search was invalid. Brashers alleged that Officer Sharp, as a State actor, made arrangements with third-party fire investigators to meet at the scene, directed those investigators' activities at the scene without a warrant, investigated the scene without a warrant, supplied confidential information to the investigators, and relayed findings from one investigator to the other investigators. Brashers requested that the court grant the motion to suppress, exclude all evidence as the result of the illegal search on June 23, 2011, and exclude subsequent items seized from the scene pursuant to the fruit-of-the-poisonous-tree doctrine.

Chief Gleghorn and Officer Sharp testified at the suppression hearing held on May 30, 2014, and June 16, 2014. Officer Sharp testified that he did not apply for a search warrant to search the premises and that a deputy or firefighter maintained scene security throughout the investigation. Officer Sharp also testified that when the investigators "pulled the floor back, it was obvious there were burn patterns on the floor from [a] flammable liquid." During the court's voir dire, Officer Sharp stated that three private fire investigators called him on June 22, 2011, and met him at the scene the following day. Officer Sharp testified that, when he was at the scene, he observed the investigators and took photographs of their findings. Officer Sharp testified that the investigators gathered evidence and sent it to an independent laboratory. At the conclusion of the hearing, the circuit court took the matter under advisement.

3

By letter order dated August 6, 2014, the circuit court granted Brashers's motion to suppress the evidence obtained during the insurance-company investigation conducted on June 23, 2011. The court found that "certain evidence and photographs" taken from the burned premises during a warrantless search constituted governmental action in violation of the Fourth Amendment. The court ruled that the facts supported a joint venture between the investigators and the deputy and that the investigators became an arm or agent of the law-enforcement agency. The court memorialized its findings in an order entered August 29, 2014. The State timely filed its notice of appeal on September 2, 2014. From the court's order granting the motion to suppress, the State now brings the instant interlocutory appeal.

For its first point on appeal, the State argues that the circuit court erred as a matter of law in its interpretation of *Tyler*, 436 U.S. 499, by inserting the question of agency into an analysis of whether a warrant was required for entry into the fire-damaged building. The State claims that no warrant was required. For its second point on appeal, the State contends that the circuit court erred as a matter of law by ignoring the motives of the insurance investigators by ruling that they had acted as agents of the Batesville law-enforcement agency.

Before we address the merits of the State's arguments, we must determine whether this is a proper State appeal under Rule 3(c). We have stated the rule governing State appeals as follows:

> Under Rule 3, the right of appeal by the State is limited. This court has consistently held that there is a significant difference between appeals brought by criminal defendants and those brought on behalf of the State. *State v. Williams*, 348 Ark. 585, 75 S.W.3d 684 (2002); *State v. Pruitt*, 347 Ark. 355, 64 S.W.3d 255 (2002). The former is a matter of right, whereas the latter is neither a matter of right, nor derived from the Constitution, but rather is only

SLIP OPINION

granted pursuant to the confines of Rule 3. *Id.* We accept appeals by the State when our holding would be important to the correct and uniform administration of the criminal law. *State v. Warren*, 345 Ark. 508, 49 S.W.3d 103 (2001); *State v. Thompson*, 343 Ark. 135, 34 S.W.3d 33 (2000); *State v. Stephenson*, 330 Ark. 594, 955 S.W.2d 518 (1997). As a matter of practice, this court has only taken appeals "which are narrow in scope and involve the interpretation of law." *Id.* at 595, 955 S.W.2d at 519 (quoting *State v. Banks*, 322 Ark. 344, 345, 909 S.W.2d 634, 635 (1995)). We do not permit State appeals merely to demonstrate the fact that the trial court erred. *Id.*

Thus, where an appeal does not present an issue of interpretation of the criminal rules with widespread ramifications, this court has held that such an appeal does not involve the correct and uniform administration of the law. *Id.* Similarly, where the resolution of the issue on appeal turns on the facts unique to the case or involves a mixed question of law and fact, the appeal is not one requiring interpretation of our criminal rules with widespread ramification, and the matter is not appealable by the State. *Williams*, 348 Ark. 585, 75 S.W.3d 684; *State v. Guthrie*, 341 Ark. 624, 19 S.W.3d 10 (2000). Finally, where an appeal raises an issue of the application, not interpretation, of a criminal rule or statutory provision, it does not involve the correct and uniform administration of the criminal law and is not appealable by the State under Rule 3. *Id.*

*State v. Pittman*, 360 Ark. 273, 275, 200 S.W.3d 893, 895–96 (2005) (citing *State v. Markham*, 359 Ark. 126, 127–28, 194 S.W.3d 765, 767–68 (2004)).

In the case at bar, the circuit court acted within its discretion to make an evidentiary decision after considering the particular facts and circumstances of this case. In its August 29, 2014 order, the circuit court stated that

after a hearing was conducted on both of the above dates wherein the court took evidence, and after consideration of the evidence produced at the hearing, the documentary evidence consisting of photos and other reports, and from the statements and arguments of counsel, including the briefs submitted by both sides, the court finds . . . [t]hat [Brashers's] motion to suppress all evidence obtained during the insurance company investigation on June 23, 2011, is granted.

Based on this language, the circuit court clearly based its decision on the specific facts of this case in light of the applicable law.

Further, the circuit court, in its order, quoted *Tyler*, 436 U.S. 499, 511–12, as follows:

> In summation, we hold that an entry to fight a fire requires no warrant, and that once in the building, officials may remain there for a reasonable time to investigate the cause of the blaze. Thereafter, additional entries to investigate the cause of the fire must be made pursuant to the warrant procedures governing administrative searches. Evidence of arson discovered in the course of investigations is admissible at trial, but if the investigating officers find probable cause to believe that arson has occurred and require further access to gather evidence for a possible prosecution, they may obtain a warrant only upon traditional showing of probable cause applicable to searches for evidence of the crime.

The circuit court then found that "the facts herein clearly support a conclusion of a joint venture between the insurance company's investigator and the Independence County Sheriff's deputy." The court ruled that the "insurance company investigator became an arm or agent of the law enforcement agency." While the State takes issue with the circuit court's interpretation of the *Tyler* case and its ruling that "Officer Sharp actively participated in the insurance company investigation, lending support to a conclusion of a joint endeavor[,]" we conclude that the circuit court based its decision, particularly Officer Sharp's involvement in the investigation, on the unique facts presented in this suppression case. Thus, we hold that the State's appeal does not involve the interpretation of the law or the uniform administration of justice, as required by Rule 3(c). Accordingly, we dismiss this appeal.

Dismissed.

HART, J., concurs.

**JOSEPHINE LINKER HART, Justice, concurring.** I agree that this case must be dismissed, but I disagree with the majority's reasoning regarding the State's first point on appeal. The issue before us is not whether a police officer following a private insurance investigator into a building destroyed by fire obviated the Fourth Amendment warrant requirement. The State's argument is that the circuit court's analysis of the situation was flawed because, rather than first considering whether Brashers had a reasonable expectation of privacy in his fire-damaged business three days after the fire, the circuit court "prematurely interjected" the question of agency. Although the State did not submit a written brief to the circuit court, it did make this argument.

I am mindful that appeals by the State are limited to situations in which this court's holding would be important to the correct and uniform administration of the criminal law. *State v. Crane*, 2014 Ark. 443, 446 S.W.3d 182. The correct and uniform administration of the criminal law is the circumstance in which the issue presented is solely a question of law and is independent of the facts in the case. *Id.* In my view, the case before us is exactly the type of appeal by the State that we should accept. The issue is whether the circuit court asked the correct question, not whether it came up with the correct answer.

Nonetheless, this case must be dismissed because the State failed to get a ruling on its reasonable-expectation-of-privacy argument. Failure to obtain a ruling on an issue at the trial level precludes review on appeal. *Maiden v. State*, 2014 Ark. 294, 438 S.W.3d 263. This court does not "assume" that an argument has been ruled on simply because a circuit court states that it considered all arguments. *TEMCO Const., LLC v. Gann*, 2013 Ark. 202, 427

S.W.3d 651.  Moreover, a detailed ruling on a different argument does not constitute a ruling by implication so as to preserve an issue for appeal.  *Arkansas Lottery Com'n v. Alpha Marketing*, 2012 Ark. 23, 386 S.W.3d 400.

*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellant.

*John O. Russo*, for appellee.