
# SUPREME COURT OF ARKANSAS

**No.** CR–15–1013

| | | |
|---|---|---|
| STATE OF ARKANSAS | | **Opinion Delivered:** September 22, 2016 |
| | APPELLANT | |
| V. | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR–2014–591] |
| ROBERT CANADA | | |
| | APPELLEE | HONORABLE RALPH WILSON, JR., JUDGE |
| | | <u>DISMISSED</u>. |

**HOWARD W. BRILL, Chief Justice**

Appellant, the State of Arkansas, appeals an order of the Crittenden County Circuit Court dismissing the charges of capital murder and felon in possession of a firearm against appellee Robert Canada as a result of the delay in prosecution. For reversal, the State argues that the circuit court abused its discretion by granting Canada's motion to dismiss. Pursuant to Arkansas Supreme Court Rule 1-2(a)(8) (2015), we have jurisdiction because we are required by law to hear this appeal. *See* Ark. R. App. P.–Crim. 3(c) (2015). We dismiss.

On May 31, 2000, Derrick Price died in Crittenden County as a result of a homicide. On August 3, 2000, a West Memphis district judge signed Canada's arrest warrant for the Crittenden County homicide, and on August 11, 2000, a West Memphis police officer faxed the warrant to two county sheriffs in Tennessee where Canada remained incarcerated for separate charges of aggravated robbery and attempted first-degree murder. The West Memphis Police Department believed that it placed a detainer on Canada by sending his 2000 arrest warrant to the two jurisdictions in Tennessee. The West Memphis

Police Department inquired about Canada's incarceration status in August 2000 and in May 2001.

Canada remained in jail in Tennessee, pleaded guilty to aggravated robbery on September 12, 2001, and received a fifteen-year sentence. The Tennessee Department of Correction released Canada in November 2011. Subsequently, Canada pleaded guilty to a forgery charge in Craighead County and was later released from the Arkansas Department of Correction.

On June 17, 2014, Canada was arrested again for residential burglary in Crittenden County. At that time, his warrant for the 2000 capital-murder charge had not been documented in either the Arkansas Crime Information Center or the National Crime Information Center system. On June 18, 2014, fourteen years after the Price homicide, Canada was arrested in Arkansas for the capital-murder charge. Subsequently, on June 20, 2014, the State filed a felony information charging Canada with capital murder for Price's death and felon in possession of a firearm with an offense date of May 31, 2000, for both offenses. Canada then filed a motion in limine, arguing that the two charges related to two separate offenses and could not be tried together, that the two charges were separated in time by approximately fourteen years, that the capital-murder charge must be dismissed, that the "pre-arrest delay ha[d] resulted in actual prejudice to the defendant, and that these actions had violated his constitutional rights under the U.S. and Arkansas Constitutions."

On September 3, 2015, the circuit court held a hearing on Canada's motion in limine, heard arguments and testimony, and dismissed the felony information. At the hearing, Canada's attorney represented to the court that "Missouri has a hold on him so

SLIP OPINION

that's not prejudicing him at all by sitting here until the 18th [when the court planned to sign the dismissal order]." The circuit court later entered a sentencing order dismissing both charges. The State timely filed its notice of appeal. On appeal, the State argues that the circuit court abused its discretion by granting Canada's motion to dismiss and that the fourteen-year delay in prosecution did not violate his due-process rights.

Before we address the merits of the State's arguments, we must determine whether this is a proper State appeal. Pursuant to Rule 3(c), the State's right to an appeal is limited. *State v. Brashers*, 2015 Ark. 236, 463 S.W.3d 710. This court has consistently held that there is a significant difference between appeals brought by criminal defendants and those brought on behalf of the State. *Id.* The former is a matter of right, whereas the latter is neither a matter of right, nor derived from the Constitution, but rather is only granted pursuant to the confines of Rule 3. *Id.* We accept appeals by the State when our holding would be important to the correct and uniform administration of the criminal law. *Id.* As a matter of practice, this court has only taken appeals "which are narrow in scope and involve the interpretation of law." *State v. Banks*, 322 Ark. 344, 345, 909 S.W.2d 634, 635 (1995).

This court does not permit State appeals merely to demonstrate that the trial court erred. *State v. Sprenger*, 2016 Ark. 177, 490 S.W.3d 314. We dismiss those appeals that do not present an issue of interpretation of the criminal rules with widespread ramifications and those appeals in which the resolution of the issue turns on the facts unique to the case or involves a mixed question of law and fact. *Id.* When an appeal merely raises an issue of the application, not an interpretation, of a criminal rule or statutory provision, we deem it to

not involve the correct and uniform administration of the criminal law and thus not within the ambit of permissible State appeals under Rule 3. *Id.*

The State claims that the instant appeal involves "prejudice to the State and [should be] taken in the interest of the correct and uniform administration of the criminal law." The State frames the issue on appeal as "whether the circuit court abused its discretion by [granting the motion to dismiss and] holding that a 14–year delay between an arrest warrant being issued and served prejudiced the Appellee in violation of his rights to the due process of law."[1]

The issue presented in the State's appeal does not involve an interpretation of the law but instead requires an application of the law to the particular facts and circumstances of this case. From the bench at the September 3, 2015 motion in limine hearing, the circuit court ruled as follows:

> *The court, under the facts and circumstances – unique facts and circumstances of this case – finds that Mr. Canada's due-process rights under both the Arkansas Constitution and the United States Constitution has been violated in this case*, based on this stale warrant issue and the extreme lapse of time between the original arrest warrant being issued and the homicide occurring and not being arrested on it for 14 years. I can go on, the facts are pretty replete that Mr. Canada had multiple contacts with law-enforcement in Arkansas and with correctional facilities in Arkansas and yet, probably his own words is what got him charged in this case at this time. So, I'm finding –

---

[1]   In support of its argument, the State cites three cases for the proposition that this court "has entertained appeals when challenging the denial of such [a] motion." *See Conte v. State*, 2015 Ark. 220, 463 S.W.3d 686 (affirming the circuit court's denial of Conte's motion to dismiss because the State had presented a satisfactory reason for the delay that an alibi witness had died and that the investigation against Conte had been ongoing since 2002); *Bliss v. State*, 282 Ark. 315, 668 S.W.2d 936 (1984) (holding that the statute of limitations in the rape case had not run; that the prosecution commenced well within the statutory time; and that the State did not create prejudicial error in failing to bring charges against the appellants); *Scott v. State*, 263 Ark. 669, 566 S.W.2d 737 (1978) (reversing and remanding because the record did not reflect whether an investigation continued during a three-year gap). These cases are distinguishable because Rule 3 did not apply to those appeals.

I'm not faulting the State intentionally but I think there is prejudice to Mr. Canada by not invoking the Interstate Agreement on Detainers Act and if this goes up on appeal, it appears that he might have some defense witness issues too. So, I'm going to rule that, again, Mr. Canada's due process rights have been violated, if not speedy trial, under the constitutional mandates and order that the capital murder charge against Mr. Canada be dismissed.

(Emphasis added.) Further, in its sentencing order dated September 21, 2015, the circuit court noted that the "[a]ttached transcript [of the hearing] is incorporated by reference." Based on this language in both the bench ruling and the sentencing order, the circuit court clearly based its dismissal on the unique facts and circumstances of the case before it. Thus, we hold that the State's appeal does not require the interpretation of law or the uniform administration of justice, as required by Rule 3(c). Accordingly, we dismiss this appeal.

Dismissed.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellant.

*S. Butler Bernard, Jr.*, for appellee.